IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT
IN AND FOR MANATEE COUNTY, FLORIDA

ROBERT V. TALBOT and
MyCareCoach, LLC, a Florida
limited liability company,

      Plaintiffs,

vs.

SCOTT R. ANDERSON and
MyCareCoach, LLC, an Illinois
limited liability company,

      Defendants.

CASE NO. 2015CA002046AX

_____/

**VERIFIED COMPLAINT
FOR DAMAGES AND INJUNCTIVE RELIEF**

Plaintiffs, ROBERT V. TALBOT and MyCareCoach, LLC, a Florida limited liability company, sue Defendants, SCOTT R. ANDERSON and MyCareCoach, LLC, an Illinois limited liability company, and allege:

**THE PARTIES**

1. Plaintiff, ROBERT V. TALBOT ("TALBOT") is a resident of Manatee County, Florida, and is manager of Plaintiff, MyCareCoach, LLC.

2. Plaintiff, MyCareCoach, LLC, is a limited liability company organized in the state of Florida with its primary place of business in Manatee County, Florida ("Florida LLC").

3. SCOTT R. ANDERSON ("ANDERSON") is a resident of the state of Illinois who, at all material times hereto, conducted, engaged in, or carried on a business venture in the state of Florida. ANDERSON further breached contracts within the state of Florida by failing to perform acts required by the contracts to be performed in this state.

4.  Defendant, MyCareCoach, LLC, is a limited liability company registered in the state of Illinois, which is not registered as a foreign entity with the state of Florida, but which has acted through, or in concert with, ANDERSON to commit tortious acts in the state of Florida ("Illinois LLC").

5.  ANDERSON, either directly, or by and through other entities including Innova Healthcare Systems, LLC a/k/a Innova Healthcare Systems, Inc. ("INNOVA"), is engaged in the development of healthcare informational services platforms, software and the design, development and employment of integrated medical care programs including coding and billing systems.

## BUSINESS VENTURE

6.  In late 2014, TALBOT and ANDERSON began discussions concerning developing a business venture to provide a comprehensive integrated technology and communications platform for chronic case management for Medicare patients (the "Venture").

7.  In furtherance of the Venture, TALBOT and ANDERSON agreed to organize a Florida limited liability company to be known as MyCareCoach, LLC (the "Company") to design, develop and deploy an integrated technology platform designed to provide on-line learning opportunities for the healthcare industry. TALBOT agreed to serve as manager of the Company and to provide his expertise in sales, marketing, funding, and fundraising for the Company. ANDERSON agreed to develop a web portal through which some of the services and products of the Company would be provided and to develop and deploy the technology platform to assist in the delivery of the services by the Company.

8.  From December 2014 through February 2015, ANDERSON and TALBOT prepared, or caused to be prepared, an offering memorandum for the Company setting forth the

intended business structure of the Venture, including, managerial responsibilities, goals, risk factors, and anticipated ownership of the Company. A copy of the final draft of the offering memorandum is attached hereto as **Exhibit "A"** ("Offering Memorandum").

9. Throughout late 2014 and early 2015, the parties expended time, monies and efforts in furtherance of the Venture and goals of the Company, which were at least in part financed by TALBOT, including retention of a graphic designer and writer, purchase of various resources, and negotiations with third parties to assist in the development of the platform for the Company.

10. In February 2015, ANDERSON traveled to Florida, at TALBOT's expense, to meet with TALBOT. During this time in Florida, TALBOT and ANDERSON (a) conferred with CMS to learn specific details on the new CPT codes 99490 for managing the care of Medicare patients; (b) agreed that the Company would be organized in the state of Florida as a limited liability company; (c) met with Florida counsel for purposes of formal organization of the Company as a Florida limited liability company; (d) participated in a conference call with a third party regarding the development of a bridge-patient portal and the entering into of a software license agreement for the same; (e) met with a third party investor, introduced by TALBOT, to finance the initial start-up expenses of the Company; and (f) identified vendors to assist in the services to be provided by the Company.

11. On or about February 23, 2015, ANDERSON and TALBOT caused Articles of Organization to be filed with the Secretary of State of Florida for MyCareCoach, LLC, a Florida limited liability company. A copy of the Articles is attached hereto as **Exhibit "B."**

12. Subsequent to the meetings in Florida, and contrary to the agreement between TALBOT and ANDERSON, ANDERSON ceased further communication with TALBOT and

thereupon undertook to exclude TALBOT from any further involvement with the Venture and the Company.

13. Instead, ANDERSON (a) contacted third parties introduced by TALBOT for purposes of securing financing for the Company; (b) conferred with potential clients or customers of the Company introduced by TALBOT for purposes of obtaining contracts to provide services by the Company; (c) caused to be organized an Illinois limited liability company: MyCareCoach, LLC, an Illinois limited liability company to carry on the business of the Company; and (d) otherwise utilized the information, plan and resources developed by or with TALBOT to carry out the business of the Venture, and to exclude TALBOT from any further participation therein.

14. All conditions precedent to each and every cause of action set forth herein has occurred, or been waived.

## COUNT I
(Breach of Joint Venture Agreement)

15. This is an action for damages which exceed $15,000.00 by TALBOT against ANDERSON.

16. The allegations contained in paragraphs 1 through 14 above are realleged and incorporated herein.

17. TALBOT and ANDERSON entered into an agreement to pursue the Venture.

18. Pursuant to the agreement, TALBOT and ANDERSON, either individually or through companies controlled by them, organized to carry on the business of the Venture and agreed to provide services for the creation of the Company and in furtherance of the Venture. TALBOT and ANDERSON further agreed that they would pursue the Venture as a joint business enterprise.

19.   TALBOT and ANDERSON undertook partial performance of the agreement by virtue of the actions taken to organize the Company, identify goals of the Venture, seek third party financing for and contracts with the Company, and enter into contracts with third parties for the development of the systems and infrastructure for furthering of the Venture.

20.   ANDERSON breached the agreement with TALBOT by excluding TALBOT from the Venture and refusing to let him participate further therein, and denying him further participation in the Company.

21.   ANDERSON further breached the agreement by refusing to provide services in furtherance of the Venture or the Company.

22.   As a direct and proximate result, TALBOT has been damaged, including, but not limited to: (a) the loss of the ability to continue the development of the Company; (b) the loss of membership interest in the Company and the profits that would have accrued to TALBOT; and (c) the loss of money invested in the Company by TALBOT.

WHEREFORE, TALBOT demands judgment for damages against ANDERSON.

### COUNT II
(Breach of Fiduciary Duty)

23.   This is an action for damages in excess of $15,000.00 by TALBOT against ANDERSON.

24.   The allegations contained in paragraphs 1 through 14, 17, 18 and 22 above are realleged and incorporated herein.

25.   TALBOT reposed trust and confidence in ANDERSON to continue to pursue the Venture for the benefit of both parties, and to keep TALBOT involved and informed in carrying out the business plan agreed upon by the parties. ANDERSON accepted such trust and confidence.

26. As a joint venturer with TALBOT, ANDERSON owes TALBOT fiduciary duties, including a duty of loyalty and a duty of full disclosure regarding matters affecting the Venture. ANDERSON further owes TALBOT a fiduciary duty to use the concepts, plans and schemes, including all proprietary information, of the Venture for the benefit of the venturers, and not to exclude TALBOT from the Venture.

27. ANDERSON breached his fiduciary duty to TALBOT by excluding him from the Company and utilizing the fruits of the labor of TALBOT for his own use and benefit.

WHEREFORE, TALBOT demands a judgment for damages against ANDERSON.

### COUNT III
(Conversion)

28. This is an action for damages in excess of $15,000.00 by TALBOT and the Florida LLC against ANDERSON and the Illinois LLC.

29. The allegations contained in paragraphs 1 through 14 and 22 above are realleged and incorporated herein.

30. As a result of his efforts, TALBOT and the Florida LLC had valuable business opportunities in the Company pursuant to the Venture and the business to be conducted by or through the Company.

31. ANDERSON, either for his direct benefit, or through the Illinois LLC, converted TALBOT'S and the Florida LLC's business opportunities for their own use and benefit.

WHEREFORE, TALBOT and the Florida LLC demand judgment for damages against ANDERSON and the Illinois LLC, jointly and severally.

## COUNT IV
### (Fraud)

32. This is an action for damages in excess of $15,000.00 by TALBOT against ANDERSON and the Illinois LLC.

33. The allegations contained in paragraphs 1 through 14 and 22 above are realleged and incorporated herein.

34. TALBOT reasonably relied in good faith upon representations by ANDERSON that the Venture to be conducted through the Company would be a joint effort in which both TALBOT and ANDERSON would participate.

35. At the time of the representations, ANDERSON had a secret, undisclosed intent that he would exclude TALBOT and would never allow TALBOT to participate in the Venture, nor allow him or the Florida LLC to enjoy the benefits of the efforts expended as set forth herein.

36. ANDERSON planned that he would utilize the monies, time, efforts, and business contacts from TALBOT in setting up the Company and furthering the Venture business plan, and then he would exclude TALBOT and organize a business entity without TALBOT to carry on the Venture business plan.

37. ANDERSON did exclude TALBOT, and organized the Illinois LLC to carry on the business of the Venture, without any participation by TALBOT therein.

WHEREFORE, TALBOT demands judgment against ANDERSON and the Illinois LLC, jointly and severally.

## COUNT V
### (Constructive Trust)

38. This is an action by TALBOT and the Florida LLC to impose a constructive trust upon the assets of the Illinois LLC.

39. The allegations contained in paragraphs 1 through 14, 22, 30, 31, and 34-37 above are realleged and incorporated herein.

40. As a result of the actions by ANDERSON, TALBOT and the Florida LLC have been wrongfully deprived of their interests in the Company, the contracts they have or may have with third parties, and the profits derived or to be derived from the business of the Company carried on by ANDERSON and the Illinois LLC.

41. ANDERSON and the Illinois LLC have been unjustly enriched to the extent of TALBOT's interest in the Company, which was to be carried on through the Florida LLC.

WHEREFORE, TALBOT and the Florida LLC request a constructive trust be imposed over the assets of the Company held by ANDERSON and the Illinois LLC, and such other relief as the Court deems proper.

## COUNT VI
(Injunctive Relief)

42. This is an action by TALBOT and the Florida LLC for temporary and permanent injunctive relief against ANDERSON and the Illinois LLC.

43. The allegations contained in paragraphs 1 through 14, 22, 30 and 31 above are realleged and incorporated herein.

44. ANDERSON'S actions in contravention of the Venture, including seeking financing from the Company's contacts, redirecting services away from the Company and to the Illinois LLC, and using the ideas, information and plan of the Venture to the exclusion of TALBOT and the Florida LLC, are continuing and have caused, and will likely continue to cause, damages to TALBOT and the Florida LLC that are difficult to calculate.

45. The harm that has been suffered by TALBOT and the Florida LLC as a result of ANDERSON's violations and the conversion by the Illinois LLC is, and will continue to be, irreparable for which there is no adequate remedy at law.

46. Enjoining ANDERSON's further violations of the Venture and the Illinois LLC's conversion and use of TALBOT's and the Florida LLC's assets, including the proprietary information of the Venture, will not be adverse to the public health, safety and welfare, is in the public interest, and is reasonably necessary to prevent further irreparable harm to TALBOT and the Florida LLC.

WHEREFORE, TALBOT and the Florida LLC pray that his Court grant a temporary and permanent injunction restraining ANDERSON and the Illinois LLC, and such further relief as the Court deems just and proper.

ADAMS AND REESE LLP
1515 Ringling Blvd., Suite 700
Sarasota, Florida 34236
Primary Email: tom.dart@arlaw.com
Secondary Email: deborah.woodson@arlaw.com
Phone: (941) 316-7600  Fax: (941) 316-7903
Counsel for Plaintiffs

By: _____
Thomas H. Dart
Florida Bar No. 0228788

## VERIFICATION

I HEREBY VERIFY that I have read the foregoing Verified Complaint and the factual allegations contained therein are true and correct.

_____
ROBERT V. TALBOT

STATE OF FLORIDA
COUNTY OF SARASOTA

SWORN TO AND SUBSCRIBED before me this 30th day of April 2015, by ROBERT V. TALBOT, who is personally known to me or has produced U.S. Passport as identification.

_____
Signature of NOTARY PUBLIC

Deborah R. Woodson
Print, type or stamp commissioned name

My Commission expires:

(SEAL)



DEBORAH R. WOODSON
Commission # FF 178754
Expires November 27, 2018
Bonded Thru Troy Fain Insurance 800-385-7019

### DESIGNATION OF E-MAIL ADDRESSES FOR PLAINTIFFS' COUNSEL

Plaintiffs, ROBERT V. TALBOT and MyCareCoach, LLC, a Florida limited liability company, through their undersigned counsel, Adams and Reese LLP, hereby designate the following e-mail addresses for Plaintiffs' counsel pursuant to Fla. R. Jud. Admin. 2.516(b)(1)(A):

    **Primary E-mail Address:**    tom.dart@arlaw.com

    **Secondary E-mail Address:**    deborah.woodson@arlaw.com

ADAMS AND REESE LLP
1515 Ringling Blvd., Suite 700
Sarasota, Florida 34236
Primary Email: tom.dart@arlaw.com
Secondary Email: deborah.woodson@arlaw.com
Phone: (941) 316-7600  Fax: (941) 316-7903
Counsel for Plaintiffs

By: _____
Thomas H. Dart
Florida Bar No. 0228788

37855272v6