**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

ROBERT V. TALBOT and
MyCareCoach, LLC, a Florida
limited liability company,

      Plaintiffs,

v.                                     **Case No. 8:15-cv-1313-T-TBM**

SCOTT R. ANDERSON and
MyCareCoach, LLC, an Illinois
limited liability company,

      Defendants.

_____/

**O R D E R**

THIS CAUSE comes before the Court on **Defendants Scott R. Anderson and MyCareCoach LLC, an Illinois limited liability company's, Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(2)** (Doc. 12) and Plaintiffs' response in opposition (Doc. 15).[1]

**I.**

Plaintiffs instituted this action in April 2015 by filing a Verified Complaint for Damages and Injunctive Relief in the Twelfth Judicial Circuit for Manatee County, Florida. (Doc. 2).[2]  In their Verified Complaint, Plaintiffs Robert Talbot ("Mr. Talbot") and MyCareCoach, LLC, of Florida ("the Florida LLC") set out six claims against Defendants

_____

[1]The parties consented to the undersigned's jurisdiction in July 2015.  (Docs. 17, 18).

[2]The complaint is verified by Robert V. Talbot, who asserts that the "factual allegations contained therein are true and correct," and was "sworn to and subscribed" before a notary public.  (*Id*. at 9-10).

Scott R. Anderson ("Mr. Anderson") for breach of joint venture agreement, breach of fiduciary duty, conversion, fraud, imposition of a constructive trust, and injunctive relief. MyCareCoach, LLC of Illinois ("the Illinois LLC") is sued on the claims for conversion, fraud, imposition of a constructive trust, and injunctive relief.  (*Id.*).  Defendants removed the action to this Court on the basis of diversity jurisdiction (Doc. 1), and thereafter filed the instant motion to dismiss ("the Motion," Doc. 12).

By their Motion, Defendants seek dismissal of this action on the grounds that Plaintiffs have failed to allege sufficient facts to establish this Court's personal jurisdiction over Defendants.  They assert that Mr. Anderson is a resident of Illinois and deny that Mr. Anderson or Innova HealthCare Services, Inc., a Wisconsin corporation, are members of the Florida LLC.  The Motion further asserts the Illinois LLC has two members: Innova HealthCare Services, LLC, all of whose members are citizens of Illinois, and Wade Walters, who is a resident of Mississippi.  In short, Defendants claim that this Court lacks personal jurisdiction over Defendants and as such the action must be dismissed.  (Doc. 12).

The unverified Motion is supported by an unverified memorandum purporting to set forth Defendants' version of the events.  (Doc. 13).  They claim that Messrs. Anderson and Talbot had preliminary discussions about forming a joint business venture to implement a business plan previously developed by Mr. Anderson.  After taking some initial steps, the negotiations fell apart when Mr. Talbot unilaterally drafted organizational documents inconsistent with their discussions and formed the Florida LLC.  After being presented with the organizational documents, Mr. Anderson declined to signed them and notified Mr. Talbot that he was no longer interested in pursuing the venture with him.  (*Id.*).

2

Defendants deny Plaintiffs' allegations that Mr. Anderson conducted, engaged in, or carried on a business venture in Florida and that he breached contracts within Florida by failing to perform acts required by the contracts to be performed in the State.  Moreover, they deny that the Illinois LLC, acting through or in concert with Anderson, committed tortious acts in Florida.  They argue that Plaintiffs have failed to allege facts sufficient to bring them within the reach of Florida's long-arm statute.  In particular, they deny that Mr. Anderson did business in Florida and contend that he never signed any of the organizational documents for the Florida LLC or any other documents drafted by Mr. Talbot.  While he met with Mr. Talbot on one occasion in Florida, such is insufficient to establish that he was conducting business in Florida.  Moreover, there is no contract between the parties as evidenced by the documents attached to the Complaint, which reflect only an agreement to agree.  By reason of Florida's statute of frauds, Plaintiffs may not rely on an oral contract.  (Doc. 13 at 3-5).

As for the tort claims, Defendants contend that as a matter of law the claims asserted cannot support the Court's jurisdiction because they are all premised on the existence and breach of an enforceable contract.  Citing a number of Florida cases, they urge that claims in tort for theft or fraud or breach of fiduciary duty will not lie where they arise from or are dependent upon the existence of a contract between the parties.  (*Id.* at 5-6).

In response to the Motion, Plaintiffs rely upon the allegations in the Verified Complaint and assert that Messrs. Talbot and Anderson entered into a joint business venture to provide a comprehensive integrated technology and communications platform for chronic case management for Medicare patients.  After agreeing to form a Florida company to operate the venture and engaging in certain acts in furtherance of the plan, Mr. Anderson stopped

communicating with Mr. Talbot and, directly or through other entities, formed the Illinois LLC, which was used to undertake the venture and convert assets of the venture while excluding Mr. Talbot and the Florida LLC.  Plaintiffs urge that the allegations in the Verified Complaint are sufficient to bring Defendants within the personal jurisdiction of the Court on three different bases of Florida's long-arm statute.  First, according to the Verified Complaint, Mr. Anderson conducted, engaged in, or carried on a business venture in the state of Florida (Doc. 2 at ¶ 3) and he engaged in numerous acts in furtherance of the joint venture (*id.* at ¶¶ 6-11, 17-19).  Next, Plaintiffs allege that Mr. Anderson breached contracts within the State of Florida by failing to perform acts required by the contracts to be performed in the State (*id.* at ¶ 3) and, finally, that Mr. Anderson, acting through or in concert with the Illinois LLC, committed tortious acts in Florida (*id.* at ¶ 4).

Although Defendants may deny the claims, Plaintiffs argue that they have failed to challenge the jurisdictional allegations with opposing affidavits; thus the Court must accept the allegations as true and the Motion should be denied.  Moreover, Plaintiffs urge that, consistent with applicable law, they have properly pleaded the tort claims as alternatives to the contract claim.  (Doc. 15).

## II.

A motion to dismiss, pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, is a motion challenging the court's personal jurisdiction over the defendant.  A federal court sitting in diversity must undertake a two-part analysis to determine if it may exercise personal jurisdiction over a nonresident defendant.  *Posner v. Essex Ins. Co.*, 178 F.3d 1209, 1214 (11th Cir. 1999); *Sculptchair, Inc. v. Century Arts, Ltd.*, 94 F.3d 623, 626

(11th Cir. 1996).  The court must first determine whether the Florida long-arm statute provides a basis for personal jurisdiction.  *Sculptchair* at 626-27.  If it does, the court must then determine whether sufficient minimum contacts exist between the defendant and Florida so as to satisfy "traditional notions of fair play and substantial justice" under the Due Process Clause to the Fourteenth Amendment.  *Id.*  Only if both prongs are satisfied may the court exercise personal jurisdiction over a nonresident defendant.  *Madara v. Hall*, 916 F.2d 1510, 1514 (11th Cir. 1990).

Initially, a plaintiff need only allege sufficient facts to make out a prima facie case of jurisdiction.  *Posner*, 178 F.3d at 1214 (citing *Electro Eng'g Prods. Co. v. Lewis*, 352 So. 2d 862, 864 (Fla. 1977)); *Response Reward Sys., L.C. v. Meijer, Inc.*, 189 F.Supp. 2d 1332, 1335 (M.D. Fla. 2002) (citing *Powercerv Tech. Corp. v. Ovid Tech.*, 993 F.Supp. 1467, 1468 (M.D. Fla. 1998)).  Upon that showing, the burden shifts to the defendant to support its jurisdictional challenge with affidavits to show that the long-arm statute is inapplicable.  *Response Reward Sys.*, 189 F.Supp. 2d at 1335 (citing *Structural Panels, Inc. v. Tex. Aluminum Indus., Inc.*, 814 F.Supp. 1058, 1064 (M.D. Fla. 1993)).  If the defendant meets this burden, the plaintiff must then affirmatively support his jurisdictional allegations and may not rely upon the factual allegations in the complaint.  *See Posner*, 178 F.3d at 1214 (quoting *Venetian Salami Co. v. Parthenais*, 554 So. 2d 499, 502 (Fla. 1989)); *Response Reward Sys.*, 189 F.Supp. 2d at 1335.  "To be legally sufficient, the defendant's affidavit must contain factual allegations which, *if taken as true*, show that the defendant's conduct does not subject him to jurisdiction."  *Hilltopper Holding Corp. v. Estate of Cutchin ex rel. Engle*, 955 So. 2d 598, 601 (Fla. Dist. Ct. App. 2007) (emphasis in original).  The court must accept the uncontroverted facts alleged

5

in the complaint as true, and where the parties' affidavits conflict, the court must construe all reasonable inferences in favor of the plaintiff. *Cable/Home Commc'n Corp. v. Network Prods., Inc.*, 902 F.2d 829, 855 (11th Cir. 1990).

## III.

Defendants here have filed an unverified motion to dismiss and memorandum without any supporting affidavits. In the circumstances, the Court's inquiry is limited to whether the allegations in the Verified Complaint, accepted as true, are sufficient to assert personal jurisdiction over Defendants.

In pertinent part, Florida's long-arm statute provides:

> (1)(a) A person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself … to the jurisdiction of the courts of this state for any cause of action arising from the following acts:
>
> 1. Operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state.
>
> 2. Committing a tortious act within this state.
>                          . . .
> 7. Breaching a contract in this state by failing to perform acts required by the contract to be performed in this state.

Fla. Stat. § 48.193.

Under Florida law, the complaint must allege "sufficient jurisdictional facts to bring the action within the ambit of the [long-arm statute]." *Venetian Salami Co.*, 554 So. 2d at 502 (quoting *Unger v. Publisher Entry Service, Inc.*, 513 So. 2d 674, 675 (Fla. Dist. Ct. App 1987)). In general, to adequately plead a prima facie showing of jurisdiction, a plaintiff may track the language of § 48.193 without pleading supporting facts or may allege specific facts that demonstrate that the defendant's actions fit within one or more subsections of § 48.193.

6

*Hilltopper Holding Corp.,* 955 So. 2d at 601.  While the plaintiff may plead the basis for

jurisdiction generally in the language of the statute, the complaint must contain sufficient

allegations of jurisdiction.  *Milligan Elec. Co. v. Hudson Const. Co.*, 886 F.Supp. 845, 848-89

(N.D. Fla. 1995) (citing *Venetian Salami* and *Voorhees v. Cilcorp, Inc.*, 837 F.Supp. 395, 398

(M.D. Fla. 1993)).

## A.

With regard to Mr. Anderson, Plaintiffs employ the express language of the long-arm

statue, Fla. Stat. § 48.193(1)(a)1 and 7[3], and provide additional allegations to support that Mr.

Anderson agreed to participate in a joint venture, engaged in conduct in Florida in furtherance

of the venture, and thereafter breached the venture agreement by failing to perform acts in

Florida required under the agreement.  (Doc. 2 at ¶¶ 3, 6-13, 17-21).  Plaintiffs have pleaded

that Mr. Anderson entered into and began to operate, conduct, engage in, or carry on a

business venture in the State.[4]  Upon a reasonable reading of the Verified Complaint, these

---

[3]Plaintiffs further allege personal jurisdiction over Mr. Anderson on the tort claims, alleging that Anderson in concert with the Illinois LLC committed tortious acts in the state of Florida.  (Doc. 2 at ¶ 4).  Jurisdiction with regard to the tort claims is discussed in section B, *infra*.

[4]"In order to establish that a defendant is 'carrying on business' for the purposes of [Florida's] long-arm statute, the activities of the defendant must be considered collectively and show a general course of business activity in the state for pecuniary benefit." *Horizon Aggressive Growth, L.P. v. Rothstein-Kass, P.A.*, 421 F.3d 1162, 1167 (11th Cir. 2005) (quoting *Future Tech. Today, Inc. v. OSF Healthcare Sys.*, 218 F.3d 1247, 1249 (11th Cir. 2000)).  That requirement can be satisfied either by (1) "'doing a series of similar acts for the purpose of thereby realizing pecuniary benefit or'" (2) "'doing a single act for such purpose with the intention of thereby initiating a series of such acts.'" *Wm. E. Strasser Constr. Corp. v. Linn*, 97 So. 2d 458, 460 (Fla. 1957) (quoting with approval the Restatement (First) of Judgments § 22 (1942)) (emphasis omitted).  Moreover, "[a] 'business venture' can consist of a single project or transaction." *Atlantis Marina & Yacht Club, Inc. v. R & R Holdings, Inc.*, 766 So. 2d 1163, 1165 (Fla. Dist. Ct. App. 2000) (citation omitted).

allegations, along with the allegation that he breached the joint venture agreement within Florida, are adequate to make out a prima facie case of this Court's jurisdiction pursuant to Fla. Stat. § 48.193(1)(a)1 and 7.

In response, Defendants rely upon unverified denials and an unverified version of the facts to contest the Court's jurisdiction. (Docs. 12, 13). But, "[b]y itself, the filing of a motion to dismiss on grounds of lack of jurisdiction over the person does nothing more than raise the legal sufficiency of the pleadings." *Venetian Salami Co.*, 554 So. 2d at 502. In such circumstances, the Court is left to accept the uncontroverted facts alleged in the complaint as true. *See Cable/Home Commc'n Corp.*, 902 F.2d at 855 ("The district court must accept the facts alleged in the complaint as true, to the extent that they are uncontroverted by the defendant's affidavits.") (citing *Morris v. SSE, Inc.*, 843 F.2d 489, 492 (11th Cir. 1988)). As set forth above, the Court finds the allegations in the Verified Complaint sufficient to establish that Mr. Anderson is within the reach of Florida's long-arm statute and this Court's jurisdiction, and Defendants have not provided any verified facts to the contrary.

To the extent that the Motion is read to raise due process or minimum contacts concerns, it is likewise deficient. "While the sufficiency of the jurisdictional allegations is a question of law that can be determined from the face of the complaint, the validity of these allegations, or the existence of sufficient minimum contacts, is a question of fact which cannot be determined without affidavits." *Milligan*, 886 F.Supp. at 849 n. 2 (citing *Venetian Salami Co.* at 502). "A defendant wishing to contest the allegations of the complaint concerning jurisdiction or to raise a contention of minimum contacts must file affidavits in

8

support of his position." *Venetian Salami Co.* at 502.  The Defendants here have failed to place the existence of minimum contacts in question.

Accordingly, Plaintiffs have adequately established the Court's personal jurisdiction over Mr. Anderson, and the Motion is denied as to him.

**B.**

As for the Illinois LLC, Plaintiffs allege personal jurisdiction over the Illinois LLC because it, acting through or in concert with, Mr. Anderson, committed tortious acts in the state of Florida.  (Doc. 2 at ¶ 4).  As noted above, they seek judgment against the Illinois LLC and Mr. Anderson for conversion (Count III), fraud (Count IV), and imposition of a constructive trust/unjust enrichment (Count V).  In Count VI, Plaintiffs seek injunctive relief to prevent further violations of the agreement or tortious acts.  Plaintiffs claim that the allegations in the Complaint are sufficient to establish the Court's personal jurisdiction over the Illinois LLC pursuant to Fla. Stat. § 48.193(1)(a)2 ("Committing a tortious act within this state").

Under Florida law, a nonresident defendant can commit "'a tortious act within [Florida]' when he commits an act *outside* the state that causes *injury within Florida.*"  *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1353 (11th Cir. 2013) (emphasis in original) (citing *Licciardello v. Lovelady*, 544 F.3d 1280, 1283 (11th Cir. 2008) (citing *Posner,* 178 F.3d at 1216-17) (collecting Florida cases and adopting Florida courts' broad interpretation of the long-arm statute that permits personal jurisdiction over nonresident "defendants committing tortious acts outside the state that cause injury in Florida")).  While the Florida Supreme Court has made clear that a defendant's physical presence in the State is

not required to commit a tortious act, *Wendt v. Horowitz,* 822 So. 2d 1252, 1260 (Fla. 2002),

the inquiry under Fla. Stat. § 48.193(1)(a)2 does not end there.  "A person can commit a tort

under § 48.193 by making 'telephonic, electronic, or written communications into Florida,'

but for jurisdiction to exist, 'the cause of action must arise from the communications.'"  *RMS*

*Titanic, Inc. v. Kingsmen Creatives, Ltd.*, 579 F. App'x 779, 786 (11th Cir. 2014) (quoting

*Wendt* at 1260).  Moreover, "[t]he threshold question that must be determined is whether the

allegations of the complaint state a cause of action ....  If the complaint does state a cause of

action, then it must be determined whether the alleged cause of action arises from these

communications."  *Wendt* at 1260 (citing *cf. 8100 R.R. Ave. Realty Trust v. R.W. Tansill*

*Constr. Co.,* 638 So. 2d 149, 151 (Fla. Dist. Ct. App. 1994) (where the threshold question of

personal jurisdiction turns on whether a tort is committed in Florida, the court necessarily

must review the allegations of the complaint to determine if a cause of action is stated); *Silver*

*v. Levinson*, 648 So. 2d 240, 241 (Fla. Dist. Ct. App. 1994) (same)).

The "connexity requirement" for torts committed out of state requires courts to ask

first whether the complaint states a cause of action, and if so, whether the cause of action

arises from the out-of-state communications into Florida.  *Id.* at 1260; *see also Horizon*

*Aggressive Growth, L.P.*, 421 F.3d at 1168-69 (11th Cir. 2005) (finding "connexity" where a

company's agent made purposefully misleading statements over the telephone to a client in

Florida, amounting to "constructive fraud"); *Acquadro v. Bergeron*, 851 So. 2d 665, 670 (Fla.

2003) (finding "connexity" where the out-of-state defendant defamed the plaintiff in a phone

call to a person in Florida).

Accordingly, as a threshold issue, the Court must undertake to determine if Plaintiffs have stated properly the tort claims and whether such have the requisite connexity to Florida to establish personal jurisdiction.  Each claim against the Illinois LLC will be addressed in turn.

In Count III, Plaintiffs allege that they had valuable business opportunities in the Florida LLC and that Mr. Anderson "either for his direct benefit, or through the Illinois LLC, converted" those business opportunities.  (Doc. 2 at ¶¶ 28-31).

Conversion is an "'act of dominion wrongfully asserted over another's property inconsistent with his ownership therein.'"  *Warshall v. Price,* 629 So. 2d 903, 904 (Fla. Dist. Ct. App. 1993) (citation omitted); *Thomas v. Hertz Corp.,* 890 So. 2d 448, 449 (Fla. Dist. Ct. App. 2004).  The tort "may occur where a person wrongfully refuses to relinquish property to which another has the right of possession," and it "may be established despite evidence that the defendant took or retained property based upon the mistaken belief that he had a right to possession, since malice is not an essential element of the action."  *United Technologies Corp. v. Mazer*, 556 F.3d 1260, 1270 (11th Cir. 2009) (quoting *Seymour v. Adams,* 638 So. 2d 1044, 1047 (Fla. Dist. Ct. App. 1994) (citations omitted)).  Thus, to state a claim for conversion, one must allege facts sufficient to show ownership of the subject property and facts that the other party wrongfully asserted dominion over that property.  *Edwards v. Landsman*, 51 So. 3d 1208, 1213 (Fla. Dist. Ct. App. 2011).  A claim for conversion can lie where the defendant has wrongfully taken personal property or an intangible interest in a business venture.  *See Warshall,* 629 So. 2d at 904-05; *In re Corbin's Estate*, 391 So. 2d 731, 732 (Fla. Dist. Ct. App. 1980); *In re Aqua Clear Technologies, Inc.*, 361 B.R. 567, 574

11

(Bankr. S.D. Fla. 2007).  However, in order to establish personal jurisdiction via the long-arm statute, as the Eleventh Circuit has explained: "Assuming that the communication of [...] information amounted to conversion, [plaintiff] must still show that its 'cause of action ... ar[o]se from the communication[ ].'"  *RMS Titanic, Inc.*, 579 F. App'x 779 at 786 (quoting *Wendt* at 1260).

By this Court's reading of the allegations of Count III, Plaintiffs have failed to allege how the tort of conversion was committed in the State of Florida.  First, Plaintiffs do not allege that any of the allegedly converted "business opportunities" were physically located in Florida or that the Illinois LLC was physically present in the state.  Second, there is no allegation that any communications into Florida or other activity directed at Florida by the Illinois LLC amounted to conversion.  In short, even in a light most favorable to Plaintiffs, the allegations are inadequate to establish that the Illinois LLC committed the tort of conversion in Florida or that any communication amounting to conversion was directed into the State.  Thus, Plaintiffs have failed to satisfy the requirement that the Illinois LLC is within the reach of Florida's long-arm statute pursuant to Fla. Stat. § 48.193(1)(a)2 as to Count III.

In Count IV, Plaintiffs allege that Mr. Anderson and the Illinois LLC committed fraud in the inducement.  "To state a cause of action for fraud in the inducement, the Plaintiff must allege (a) a misrepresentation of a material fact; (b) that the representor of the misrepresentation knew or should have known of the statement's falsity; (c) that the representor intended that the representation would induce another to rely and act on it; and (d) that the plaintiff suffered injury in justifiable reliance on the representation."  *Eagletech Commc'ns, Inc. v. Bryn Mawr Inv. Grp., Inc.*, 79 So. 3d 855, 861 (Fla. Dist. Ct. App. 2012)

(quoting *Samuels v. King Motor Co. of Fort Lauderdale,* 782 So. 2d 489, 497 (Fla. Dist. Ct. App. 2001)).  Moreover, a pleading that contains allegations of fraud is subject to a heightened pleading requirement.  *See* Fed. R. Civ. P. 9(b).  Accordingly, a plaintiff must allege sufficient facts "including who made the false statement, the substance of the false statement, the time frame in which it was made and the context in which the statement was made."  *Bankers Mut. Capital Corp. v. U.S. Fid. & Guar. Co.*, 784 So. 2d 485, 490 (Fla. Dist. Ct. App. 2001) (applying Fla. R. Civ. P. 1.120(b), which is analogous to the Fed. R. Civ. P. 9(b)) (citing *Williams v. Bear Stearns & Co.,* 725 So. 2d 397, 400-01 (Fla. Dist. Ct. App. 1998); *Robertson v. PHF Life Ins. Co.*, 702 So. 2d 555, 556 (Fla. Dist. Ct. App. 1997)).

As to the allegations of fraud in the inducement in Count IV, I cannot read those allegations as sufficient to state a claim as against the Illinois LLC based on any alleged conduct on its part in Florida or any communications or representations into the state constituting fraud.  By a fair reading of the allegations, the alleged fraudulent statements by Mr. Anderson all appear to have occurred prior to the Illinois LLC coming into existence. Moreover, Plaintiffs have not identified any fraudulent statements made by or attributable to the Illinois LLC which were relied upon by Plaintiffs from the time frame after the Illinois LLC was formed.  Accordingly, Plaintiffs fail to demonstrate a cause of action for fraud against the Illinois LLC to justify the Court's assertion of jurisdiction.

In Count V, Plaintiffs seek to impose a constructive trust on the assets of the Illinois LLC, alleging that by reason of Mr. Anderson's actions, Plaintiffs have been wrongfully deprived of their interests in the company, their contracts with third parties, and the profits from the business of their company.  Thus, Plaintiffs claim that Defendants have been

13

unjustly enriched to the extent of Mr. Talbot's interest in the company, which was to be carried on by the Florida LLC.

"A constructive trust is a remedy which equity applies in order to do justice…. The trust is 'constructed' by equity to prevent an unjust enrichment of one person at the expense of another...." *Saporta v. Saporta*, 766 So. 2d 379, 381 (Fla. Dist. Ct. App. 2000) (quoting *Wadlington v. Edwards,* 92 So. 2d 629, 631 (Fla. 1957). "[A] court of equity will raise a constructive trust and compel restoration where one, through actual fraud, abuse of confidence reposed and accepted, or through other questionable means gains something for himself which in equity and good conscience he should not be permitted to hold." *Quinn v. Phipps*, 93 Fla. 805, 814 (Fla. 1927). To impose a constructive trust, the plaintiff must satisfy four elements: "(1) a promise, express or implied, (2) transfer of the property and reliance thereon, (3) a confidential relationship and (4) unjust enrichment." *Provence v. Palm Beach Taverns, Inc.,* 676 So. 2d 1022, 1025 (Fla. Dist. Ct. App. 1996) (citing *Abreu v. Amaro,* 534 So. 2d 771 (Fla. Dist. Ct. App. 1988)). Thus, a constructive trust is a remedial device with dual objectives: to restore property to the rightful owner and to prevent unjust enrichment. *Id.* In turn, a claim for unjust enrichment has three elements: (1) the plaintiff has conferred a benefit on the defendant; (2) the defendant voluntarily accepted and retained that benefit; and (3) the circumstances are such that it would be inequitable for the defendants to retain it without paying the value thereof. *Fla. Power Corp. v. City of Winter Park*, 887 So. 2d 1237, 1241 n. 4 (Fla. 2004) (quoting *Ruck Bros. Brick, Inc. v. Kellogg & Kimsey, Inc.*, 668 So. 2d 205, 207 (Fla. Dist. Ct. App. 1995)).

By my reading, Plaintiffs have not adequately stated a claim as against the Illinois LLC to support a claim for a constructive trust and thus fail to allege a basis for the Court's personal jurisdiction over the Illinois LLC.

In Count VI, Plaintiffs purport to allege a claim for temporary and permanent injunctive relief and ask the Court to prevent Defendants from further violations of the joint venture agreement and to prevent further conversion of the venture's property. Injunctive relief may be a remedy for certain contract or tort claims, but it does not represent a separate and independent cause of action. *See Alabama v. U.S. Army Corps of Engineers,* 424 F.3d 1117, 1127 (11th Cir. 2005) ("any motion or suit for either a preliminary or permanent injunction must be based upon a cause of action, such as a constitutional violation, a trespass, or a nuisance. There is no such thing as a suit for a traditional injunction in the abstract. For a traditional injunction to be even theoretically available, a plaintiff must be able to articulate a basis for relief that would withstand scrutiny under Fed. R. Civ. P. 12(b)(6) (failure to state a claim)") (internal citations and quotation marks omitted). Accordingly, personal jurisdiction over the Illinois LLC cannot lie with regard to Plaintiffs' request for injunctive relief.

In sum, because none of the asserted tort claims sufficiently allege the required connexity to Florida, Plaintiffs have failed to assert a basis for personal jurisdiction over the Illinois LLC.

## C.

Separate and apart from the arguments citing Florida's long-arm statute, Defendants also argue that there can be no personal jurisdiction because there was no enforceable contract

between the parties and, further, that Plaintiffs' tort claims are all premised on the existence of an enforceable contract.  (Doc. 13 at 4-6).

Regarding the alleged contract, Defendants assert that the allegations and documents attached to the Verified Complaint establish, at most, an agreement to agree, and nothing more.  Absent a clear meeting of the minds, they urge there is no valid contract.  Moreover, they urge that Plaintiffs may not rely on a supposed oral contract as this alleged agreement was for an indefinite period and the Florida statute of frauds requires that an agreement that is not to be performed within one year must be in writing and signed by the party against whom enforcement is sought.  Thus, any oral agreement between Messrs. Anderson and Talbot to form a business of indefinite duration is unenforceable.  (*Id.*).

Here, while there is no allegation of a written agreement, the Plaintiffs' allegations adequately allege the breach of an oral contract for the failure to participate as agreed in the joint venture and are sufficient to put Defendants on notice of the basis for Plaintiffs' claims and the grounds upon which they rest.[5]  Thus, Mr. Talbot alleges that Mr. Anderson agreed to a joint venture and to the organization of a Florida LLC to design, develop, and deploy an

---

[5]A breach of contract may arise from the failure to perform any promise that forms a whole or a part of a contract, including the refusal of a party to recognize the existence of the contract or the doing of something inconsistent with its existence.  17A Am. Jur. 2d Contracts § 699.  To plead a claim for breach of contract under Florida law, the plaintiff must assert the existence of a contract, a breach of such contract, and damages resulting from the breach. *Bray & Gillespie Management LLC v. Lexington Ins.*, 527 F.Supp. 2d 1355, 1365 (M.D. Fla. 2007).  To state a cause of action for breach of an oral contract, a plaintiff must "allege facts that, if taken as true, demonstrate that the parties mutually assented to a 'certain and definite proposition' and left no essential terms open." *Id.* (quoting *W.R. Townsend Contracting, Inc. v. Jensen Civil Constr., Inc.*, 728 So. 2d 297, 300 (Fla. Dist. Ct. App. 1999) (quoting *Jacksonville Port Auth., City of Jacksonville v. W.R. Johnson Enters., Inc.*, 624 So. 2d 313, 315 (Fla. Dist. Ct. App. 1993)).

16

integrated technology platform for online learning opportunities for the healthcare industry. For his part, Mr. Anderson agreed to develop a web portal through which some of the company's services and products would be provided.  Plaintiffs allege that the parties undertook a number of activities in furtherance of the agreement and that the Florida LLC was registered with the State in February 2015.  Thereafter, Mr. Anderson is alleged to have ceased further communications with Plaintiffs; to have acted in ways inconsistent with the agreement; and breached the agreement by excluding Plaintiffs from participation in the joint venture and by failing to provide services in furtherance of it, all to the detriment of Plaintiffs. At this point in the litigation, Plaintiffs' allegations are sufficient to state a claim for breach of an oral agreement.  More to the point, in a light favorable to the Plaintiffs, the unrebutted verified allegations support the Court's assertion of jurisdiction.

As for the tort claims, Defendants urge the claims do not support the Court's personal jurisdiction because all the claims are premised on the existence of an enforceable contract and here there is no such contract.  By this argument, the Court lacks jurisdiction over the tort claims either because such are barred by the economic loss rule and by reason of the statute of frauds.  (Doc. 13 at 5-6).

While there are cases supporting the legal proposition urged by Defendants, at this stage of the proceedings Plaintiffs are not barred from pursuing alternative claims for relief.[6] As a general rule, a plaintiff is allowed to plead alternative causes of action in a single complaint even if the claims require proof of distinctly different facts.  *See* Fed. R. Civ. P. 8(d); *Donnelly v. Circuit City Stores, Inc.*, No. 5:06-cv-387-OC-10GRJ, 2007 WL 896337, at *3 (M.D. Fla. Mar. 22, 2007) ("[I]t is well-settled in this Circuit that breach of contract and unjust enrichment may be pled in the alternative.... [A]lternate pleading allows for a plaintiff's case to proceed in the face of uncertainty as to the existence of a contract or, perhaps, uncertainty as to whether the particular issue at hand falls within the ambit of a contract that otherwise exists between the parties"); *ThunderWave, Inc. v. Carnival Corp.*, 954 F.Supp. 1562, 1565-66 (S.D. Fla. 1997) (citing *Hazen v. Cobb-Vaughan Motor Co., 96 Fla. 151, 117 So. 853, 857-58 (1928)) ("a party may simultaneously allege the existence of an oral contract and seek equitable relief under the theory of unjust enrichment").

In any event, Florida law recognizes that "the economic loss rule has not eliminated causes of action based on torts independent of the contractual breach even though there exists a breach of contract action.  Where a contract exists, a tort action will lie for either intentional

---

[6]It is notable that a number of the cases cited by the Defendants relate to findings made at trial or rulings made on summary judgment, wholly unrelated to the matter of jurisdiction.  Furthermore, on this Motion, the Defendants raise only a jurisdictional challenge under Rule 12(b)(2) and make no argument under Rule 12(b)(6).  While it appears the case that Plaintiffs' claim for breach of fiduciary duty against Mr. Anderson may derive from an alleged contract between Talbot and Anderson, and the conversion claim may also derive from an alleged contract, and the claim for fraud in the inducement as against the Illinois LLC is suspect, given that the LLC appears to have been formed after the alleged fraudulent representations by Mr. Anderson, the Court declines to reach the merits of such issues on this Motion, which raises only jurisdictional challenges based on unverified denials.

or negligent acts considered to be independent from acts that breached the contract." *HTP, Ltd. v. Lineas Aereas Costarricenses, S.A.*, 685 So. 2d 1238, 1239 (Fla. 1996) (citations omitted); *see also PK Ventures, Inc. v. Raymond James & Assocs.*, 690 So. 2d 1296 (Fla. 1997) (economic loss rule did not preclude a cause of action by the buyer of commercial property against the seller's broker for negligent misrepresentation); *Moransais v. Heathman*, 744 So. 2d 973, 979-80 (Fla. 1999) (refusing to extend economic loss rule to actions based on fraudulent inducement and negligent representation cases); *Tiara Condo. Ass'n, Inc. v. Marsh & McLennan Companies, Inc.*, 110 So. 3d 399, 407 (Fla. 2013) (explicitly holding that the economic loss rule applies only in the products liability context).  In *HTP*, the court expressly recognized fraudulent inducement is an independent tort which usually occurs before the contract and thus is not derived from the contract.  Moreover, a fair reading of the allegations suggests the oral agreement to form a joint venture to be operated by the Florida based LLC was to be performed within one year.  In short, to the extent that this argument is made in support of Defendants' claim that the Court lacks personal jurisdiction over the Defendants, the Motion is denied.

## IV.

Accordingly, for the reasons set forth herein, **Defendants Scott R. Anderson and MyCareCoach LLC, an Illinois limited liability company's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(2)** (Doc. 12) is:

1) **DENIED** as to Defendant Anderson;

2) **GRANTED** as to Defendant MyCareCoach LLC (the Illinois LLC) for failure to properly assert personal jurisdiction; and

3) The action is **DISMISSED without prejudice** as to Defendant MyCareCoach LLC. Plaintiffs are granted leave to file an amended complaint which addresses the deficiencies discussed herein **within fourteen (14) days** of the date of this Order.

**DONE AND ORDERED** in Tampa, Florida, this 17th day of August 2015.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record