IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROBERT V. TALBOT and
MYCARECOACH, LLC, a Florida
limited liability company,

    Plaintiffs,

v.                                  CASE NO. 8:15-cv-1313-SCB-TBM

SCOTT R. ANDERSON and
MYCARECOACH, LLC, an Illinois
limited liability company,

    Defendants.
_____/

## VERIFIED AMENDED COMPLAINT
## FOR DAMAGES AND INJUNCTIVE RELIEF

Plaintiffs, ROBERT V. TALBOT and MyCareCoach, LLC, a Florida limited liability company, sue Defendants, SCOTT R. ANDERSON and MyCareCoach, LLC, an Illinois limited liability company, and allege:

### THE PARTIES

1.    Plaintiff, ROBERT V. TALBOT ("TALBOT") is a resident of Manatee County, Florida, and is manager of Plaintiff, MyCareCoach, LLC.

2.    Plaintiff, MyCareCoach, LLC, is a limited liability company organized in the state of Florida with its primary place of business in Manatee County, Florida ("Florida LLC").

3.    SCOTT R. ANDERSON ("ANDERSON") is a resident of the state of Illinois who, at all material times hereto, conducted, engaged in, or carried on a business venture in the state of Florida. ANDERSON further breached contracts within the state of Florida by failing to

39346578-4

perform acts required by the contracts to be performed in this state. ANDERSON has also committed tortious acts within the state of Florida.

4. Defendant, MyCareCoach, LLC, is a limited liability company registered in the state of Illinois, which is not registered as a foreign entity with the state of Florida ("Illinois LLC"). Illinois LLC has committed tortious acts in the state of Florida, including intentional interference with a contract in Florida and conversion of intangible assets of TALBOT and Florida LLC.

5. ANDERSON, either directly, or by and through other entities including Innova Healthcare Systems, LLC a/k/a Innova Healthcare Systems, Inc. ("INNOVA"), and Illinois LLC are engaged in the development of healthcare informational services platforms, software and the design, development and employment of integrated medical care programs including coding and billing systems, that are being marketed throughout the United States, including Florida.

**BUSINESS PLATFORM**

6. In late 2014, TALBOT and ANDERSON agreed to develop a business venture ("Agreement") to create a comprehensive integrated technology and communications platform designed to provide an on-line medical service, patient centric, care model designed to deliver enhanced care services on behalf of Medicare patients with two or more chronic conditions and their participating providers (the "Platform").

7. Over a period of approximately 3-4 months, ANDERSON made hundreds of communications to TALBOT in Florida, including multiple e-mails, telephone calls, and text messages about the Platform, all in furtherance of the Agreement to develop the Platform.

8. As part of their agreement, TALBOT and ANDERSON agreed to organize the Florida LLC with TALBOT and ANDERSON (either directly or through other entities controlled

39346578-4

by them, as members) and TALBOT as the manager, as a Florida limited liability company to be located in Florida, which would own and carry out the further development of the Platform.

9. In addition, TALBOT agreed to provide his expertise in sales, marketing, funding, and fundraising for the creation of the Platform to be conducted through the Florida LLC, and Anderson agreed to develop a web portal and develop and deploy the technology platform to assist in the delivery of the services for the Platform by the Florida LLC.

10. From December 2014 through February 2015, ANDERSON and TALBOT prepared, or caused to be prepared, an offering memorandum for the Florida LLC setting forth the intended business structure of the Platform, including, managerial responsibilities, goals, risk factors, and anticipated ownership of the Platform to be owned and carried out by the Florida LLC. ANDERSON and TALBOT exchanged multiple drafts during the process, each of which provided that the Florida LLC would have a Florida address and do business in Florida. A copy of the final draft of the offering memorandum is attached hereto as **Exhibit "A"** ("Offering Memorandum").

11. Throughout late 2014 and early 2015, TALBOT and ANDERSON expended time, monies and efforts in furtherance of the creation and development of the Platform to be owned by the Florida LLC, which were at least in part financed by TALBOT, including: (a) the retention of a graphic designer and writer; (b) the purchase of various resources; (c) negotiations with third parties to assist in the development of the Platform for the Florida LLC; and (d) the engagement of New Wave Enterprises, which invoiced the Florida LLC at the Florida LLC's Florida address, to develop a web portal.

12. In February 2015, ANDERSON traveled to Florida, at TALBOT's expense, to meet with TALBOT to carry out further aspects of the Agreement for the development of the

Platform. During this time in Florida, TALBOT and ANDERSON (a) conferred with CMS to learn specific details on the new CPT codes 99490 for managing the care of Medicare patients; (b) agreed that the Florida LLC would be organized in the state of Florida as a limited liability company to own and carry out the activities related to the Platform; (c) met with Florida counsel for purposes of formal organization of the Florida LLC as a Florida limited liability company; (d) participated in a conference call with a third party regarding the development of a bridge-patient portal and the entering into of a software license agreement for the same; (e) met with a third party investor, introduced by TALBOT, to finance the development of the Platform and the initial start-up expenses of the Florida LLC; and (f) identified vendors to assist in the services to be provided by the Florida LLC.

13. On or about February 23, 2015, ANDERSON and TALBOT caused Articles of Organization to be filed with the Secretary of State of Florida for the Florida LLC; a copy of the Articles is attached hereto as **Exhibit "B."**

14. Subsequent to the meetings in Florida, and contrary to the Agreement, ANDERSON ceased further communication with TALBOT and thereupon undertook to exclude TALBOT and the Florida LLC from any further involvement with the Platform.

15. Instead, ANDERSON formed, or caused to be formed, the Illinois LLC, with ANDERSON as its manager, to own and carry out the functions of the Platform in contravention of the Agreement with TALBOT. Since such formation, ANDERSON and Illinois LLC have asserted control over and converted the assets associated with the Platform, including the technology, proprietary business plan, design and even the name associated with the Platform, all of which were intangible assets owned by TALBOT and the Florida LLC.

16. Thereafter, ANDERSON, individually and as a member of Illinois LLC (through INNOVA), began (a) contacting third parties introduced by TALBOT, which included persons and entities in Florida, for purposes of securing financing for the creation of the Platform on behalf of the Illinois LLC; (b) conferring with potential clients and soliciting customers for the use of the Platform, which were introduced by TALBOT for purposes of redirecting such clients or customers to the Illinois LLC and away from the Florida LLC; and (c) otherwise using the information, plan and resources developed by or with TALBOT for the Florida LLC to carry out the business of the Platform, while excluding TALBOT and the Florida LLC from any further participation therein.

17. All conditions precedent to each and every cause of action set forth herein has occurred, or been waived.

## COUNT I
(Breach of Joint Venture Agreement)

18. This is an action for damages which exceed $15,000.00 by TALBOT against ANDERSON.

19. The allegations contained in paragraphs 1 through 17 above are realleged and incorporated herein.

20. TALBOT and ANDERSON entered into an agreement to pursue the creation and implementation of the Platform though the Florida LLC, with TALBOT and ANDERSON as participants in the Florida LLC, either individually or through companies controlled by them. TALBOT and ANDERSON agreed that the Florida LLC would be formed in Florida, with its principal place of business in Florida. The Agreement required both TALBOT and ANDERSON to participate in the formation of the Florida LLC and organization of the Florida LLC in Florida.

39346578-4

21. TALBOT and ANDERSON undertook partial performance of the Agreement by virtue of the actions taken to organize the Florida LLC, the identification of goals for the Platform, seeking of third party financing for and contracts with the Florida LLC for the creation and development of the Platform, and by entering into contracts with third parties for the development of the systems and infrastructure for furthering development of the Platform to be owned by the Florida LLC.

22. ANDERSON breached the Agreement with TALBOT by excluding TALBOT from the further creation and ownership of the Platform through the Florida LLC and refusing to let TALBOT or the Florida LLC participate therein, and by causing or actively participating in the organization of the Illinois LLC for such purposes.

23. ANDERSON further breached the Agreement by refusing to provide services in furtherance of the development of the Platform for the Florida LLC and by depriving TALBOT and the Florida LLC of any further participation in the Platform.

24. As a direct and proximate result, TALBOT has been damaged, including, but not limited to: (a) the loss of the ability to continue the development of the Platform through the Florida LLC; (b) the loss of membership interest in the Florida LLC and the profits that would have accrued to TALBOT; and (c) the loss of money invested in the Platform and the Florida LLC by TALBOT.

WHEREFORE, TALBOT demands judgment for damages against ANDERSON.

### COUNT II
(Intentional Interference with Joint Venture Agreement)

25. This is an action for damages in excess of $15,000.00 by TALBOT against Illinois LLC.

26. The allegations contained in paragraphs 1 through 17 and 20 through 23 above are realleged and incorporated herein.

27. At the time of its formation, the Illinois LLC, by and through ANDERSON as its manager, had knowledge of the Agreement between ANDERSON and TALBOT, the material provisions of which were developed in Florida.

28. The Agreement is a valid contract that required ANDERSON to carry on the creation and development of the Platform with TALBOT through the Florida LLC, which was intended to be formed and operated in the state of Florida.

29. Illinois LLC, intentionally and without legal justification, induced ANDERSON to breach the Agreement by seeking to have ANDERSON divert his efforts to Illinois LLC and cease performing under the Agreement, thus depriving TALBOT and the Florida LLC of further participation in the creation and development of the Platform.

30. As a result of Illinois LLC's actions, ANDERSON breached the Agreement.

31. As a direct and proximate result, TALBOT and the Florida LLC have been damaged, including, but not limited to: (a) the loss of the ability to continue the development Platform through the Florida LLC; (b) the loss of membership interest in the Florida LLC and the profits that would have accrued to TALBOT and the Florida LLC; and (c) the loss of money invested in the Platform by TALBOT.

### COUNT III
(Breach of Fiduciary Duty)

32. This is an action for damages in excess of $15,000.00 by TALBOT against ANDERSON.

33. The allegations contained in paragraphs 1 through 17 and 20 through 23 above are realleged and incorporated herein.

39346578-4

34. TALBOT reposed trust and confidence in ANDERSON to honor the Agreement to continue to pursue the Platform for the benefit of ANDERSON and TALBOT and to carry out the Platform through the Florida LLC. ANDERSON accepted such trust and confidence.

35. As a joint venturer and party to the Agreement with TALBOT, ANDERSON owes TALBOT fiduciary duties, including a duty of loyalty and a duty of full disclosure regarding matters affecting the Agreement and the development and implementation of the Platform. ANDERSON further owes TALBOT a fiduciary duty to use the concepts, plans and schemes, including all proprietary information, developed by the parties as part of the Platform for the benefit of the parties, and not to exclude TALBOT.

36. ANDERSON breached his fiduciary duty to TALBOT by breaching his Agreement with TALBOT and excluding him from the further creation and development of the Platform and utilizing the fruits of the labor of TALBOT for his own use and benefit or the Illinois LLC, which was not entitled to them.

WHEREFORE, TALBOT demands a judgment for damages against ANDERSON.

## COUNT IV
(Conversion)

37. This is an action for damages in excess of $15,000.00 by Florida LLC against ANDERSON and Illinois LLC.

38. The allegations contained in paragraphs 1 through 17, 20 through 23, and 27 through 30 above are realleged and incorporated herein.

39. As a result of TALBOT's efforts, and the Agreement to pursue the Platform through the Florida LLC made between ANDERSON and TALBOT, both at meetings occurring in Florida and through communications directed to TALBOT in Florida, TALBOT and the Florida LLC had valuable business opportunities in the Platform, including the proprietary

39346578-4

business plan and other assets thereof, which were to be conducted by or through the Florida LLC.

40. ANDERSON and Illinois LLC converted TALBOT's and the Florida LLC's interest in the assets of the Platform, and have and continue to exercise control over them, all of which were owned by TALBOT and the Florida LLC in Florida.

41. Their activities are adverse and detrimental to the rights of TALBOT and Florida LLC in the Platform and its assets.

42. TALBOT and Florida LLC have been damaged as a result of the conversion by ANDERSON and Illinois LLC.

WHEREFORE, TALBOT and Florida LLC demand judgment for damages against ANDERSON and Illinois LLC, jointly and severally.

## COUNT V
(Fraud)

43. This is an action for damages in excess of $15,000.00 by TALBOT against ANDERSON and Illinois LLC.

44. The allegations contained in paragraphs 1 through 17 and 20 through 23 above are realleged and incorporated herein.

45. TALBOT reasonably relied in good faith upon representations made by ANDERSON that the Platform would be owned and its business conducted through the Florida LLC as a joint effort in which both TALBOT and ANDERSON would participate.

46. ANDERSON made the representations to TALBOT during his hundreds of communications to TALBOT in the state of Florida. The representations included the stated intent that the Florida LLC would operate in Florida.

39346578-4

47. At the time of the representations, ANDERSON had a secret, undisclosed intent that he would exclude TALBOT and would never allow TALBOT to participate in the Platform, nor allow him or the Florida LLC to enjoy the benefits of the efforts expended as set forth herein.

48. ANDERSON planned that he would utilize the monies, time, efforts, and business contacts provided by TALBOT in setting up the Florida LLC and furthering the development of the Platform, and then he would exclude TALBOT and organize a business entity without TALBOT to carry on the Platform.

49. ANDERSON did exclude TALBOT, and organized the Illinois LLC to own and carry on the business of the Platform, without any participation by TALBOT therein.

50. The Illinois LLC, by and through ANDERSON as its manager, received the benefits of the misrepresentations by ANDERSON, including those that occurred in Florida, and has enjoyed, and continues to enjoy, the benefits of such misrepresentations in the operation of its business generated by the Platform.

WHEREFORE, TALBOT demands judgment against ANDERSON and the Illinois LLC.

### COUNT VI
(Constructive Trust)

51. This is an action by TALBOT and the Florida LLC to impose a constructive trust upon assets of ANDERSON and the Illinois LLC.

52. The allegations contained in paragraphs 1 through 17, 20 through 23, 27 through 30, 34 through 36, and 39 through 42 above are realleged and incorporated herein.

53. As part of the Agreement, ANDERSON promised to pursue the creation and development of the Platform through the Florida LLC.

54. TALBOT transferred both money and intangible assets to ANDERSON, and participated in the creation and implementation of the proprietary business plan of the Platform

39346578-4

with ANDERSON, in reliance upon ANDERSON's promise to pursue the creation and ownership of the Platform with TALBOT through the Florida LLC.

55. ANDERSON had a duty of confidentiality to keep and use the proprietary business plan and other assets of the Platform for the benefit of ANDERSON and TALBOT, and to incorporate them into the Florida LLC.

56. The Illinois LLC, through the actions of ANDERSON as its manager, knew of TALBOTS's and the Florida LLC's rights in the Platform and its assets, but the Illinois LLC has converted the same and voluntarily accepted the assets and the benefits from the assets, which were conferred by TALBOT and to be held by the Florida LLC.

57. It would be inequitable for Illinois LLC to retain the proprietary business plan or any assets of the Platform.

58. As a result of the actions by ANDERSON, both TALBOT and the Florida LLC have been wrongfully deprived of their interests in the Platform, including the contracts they have or may have with third parties, investments in the Platform, and the profits derived or to be derived from the Platform, which are being carried on and held by ANDERSON and the Illinois LLC.

59. ANDERSON and the Illinois LLC have been unjustly enriched by the transfer of the assets of the Platform into the Illinois LLC, or the usurpation of the assets of the Platform by ANDERSON and/or the Illinois LLC, which was to be owned and carried on through the Florida LLC with TALBOT as a member.

WHEREFORE, TALBOT and the Florida LLC request a constructive trust be imposed over the assets of the Platform held by ANDERSON and the Illinois LLC, and such other relief as the Court deems proper.

39346578-4

## COUNT VII
(Injunctive Relief)

60. This is an action by TALBOT and the Florida LLC for temporary and permanent injunctive relief against ANDERSON and the Illinois LLC

61. The allegations contained in paragraphs 1 through 17, 20 through 23, 27 through 30, 34 through 36, 39 through 42, and 53 through 59 above are realleged and incorporated herein.

62. ANDERSON'S actions in contravention of Agreement with TALBOT, and the diversion of the Platform and its assets away from TALBOT to the Illinois LLC, which actions include: obtaining financing from third parties for the Illinois LLC; redirecting services and opportunities related to the Platform away from the Florida LLC and to the Illinois LLC; using the ideas, information and plans of the Platform to the exclusion of TALBOT and Florida LLC; and using Florida LLC's proprietary business plan to the exclusion of Florida LLC. These actions are continuing and have caused, and will likely continue to cause, damages to TALBOT and Florida LLC that are difficult to calculate.

63. The harm that has been suffered by TALBOT and the Florida LLC as a result of ANDERSON's violations and the conversion by the Illinois LLC is, and will continue to be, irreparable for which there is no adequate remedy at law.

64. Enjoining ANDERSON's further violations of the use of the Platform and its assets, and the Illinois LLC's conversion and use of TALBOT's and the Florida LLC's interests therein, including the proprietary information of the Platform, will not be adverse to the public health, safety and welfare, is in the public interest, and is reasonably necessary to prevent further irreparable harm to TALBOT and the Florida LLC.

WHEREFORE, TALBOT and the Florida LLC pray that this Court grant a temporary and permanent injunction restraining ANDERSON and the Illinois LLC, and such further relief as the Court deems just and proper.

ADAMS AND REESE LLP
1515 Ringling Blvd., Suite 700
Sarasota, Florida 34236
Primary Email: tom.dart@arlaw.com
Secondary Email: deborah.woodson@arlaw.com
Phone: (941) 316-7600  Fax: (941) 316-7903
Counsel for Plaintiffs

By: ___/s/ Thomas H. Dart___
Thomas H. Dart
Florida Bar No. 0228788

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Verified Amended Complaint for Damages and Injunctive Relief was furnished by CM/ECF to all parties participating in Electronic Noticing on this 31st day of August 2015.

By: ___/s/ Thomas H. Dart___
Thomas H. Dart
Florida Bar No. 0228788
tom.dart@arlaw.com

39346578-4

## VERIFICATION

I HEREBY VERIFY that I have read the foregoing Verified Complaint and the factual allegations contained therein are true and correct.

_____
ROBERT V. TALBOT

STATE OF FLORIDA
COUNTY OF SARASOTA

SWORN TO AND SUBSCRIBED before me this 31st day of August 2015, by ROBERT V. TALBOT, who is personally known to me or has produced Drivers License as identification.

_____
Signature of NOTARY PUBLIC

Rebecca Lieberher
Print, type or stamp commissioned name

REBECCA M LIEBERHER
Notary Public - State of Florida
My Comm. Expires May 29, 2016
Commission # EE 203166

My Commission expires:

(SEAL)

39346578-3