UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROBERT V. TALBOT and
MYCARECOACH, LLC, a Florida
limited liability company,

        Plaintiffs,

v.                           CASE NO. 8:15-CV-1313-T-24TBM
                                   JURY DEMANDED

SCOTT R. ANDERSON and
MYCARECOACH, LLC, an Illinois
limited liability company,

        Defendants.

_____/

**ANSWER TO VERIFIED AMENDED COMPLAINT
FOR DAMAGES AND INJUNCTIVE RELIEF**

NOW COMES Defendants SCOTT R. ANDERSON and MYCARECOACH,

LLC, an Illinois limited liability company, by and through his attorney,

Michelle N. Schneiderheinze, and for his Answer to Plaintiff's Verified

Amended Complaint for Damages and injunctive Relief, states as follows:

**THE PARTIES**

1.    Plaintiff, ROBERT V. TALBOT ("TALBOT") is a resident of

Manatee County, Florida, and is manager of Plaintiff, MyCareCoach, LLC.

**ANSWER: Defendants admit that Plaintiff Robert V. Talbot is a**

**resident of Manatee County Florida. Defendants are without sufficient**

**information to admit or deny the remaining allegations contained in**

**Paragraph 1 of the Amended Complaint and therefore neither admits nor denies the same but demands strict proof thereof.**

2.      Plaintiff, MyCareCoach, LLC, is a limited liability company organized in the state of Florida with its primary place of business in Manatee County, Florida ("Florida LLC").

**ANSWER: Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 2 of the Amended Complaint and therefore neither admits nor denies the same but demands strict proof thereof.**

3.      SCOTT R. ANDERSON ("ANDERSON") is a resident of the state of Illinois who, at all material times hereto, conducted, engaged in, or carried on a business venture in the state of Florida. ANDERSON further breached contracts within the state of Florida by failing to perform acts required by the contracts to be performed in this state. ANDERSON has also committed tortious acts within the state of Florida.

**ANSWER: Defendants deny the allegations contained in Paragraph 3 of the Amended Complaint.**

4.      Defendant, MyCareCoach, LLC, is a limited liability company registered in the state of Illinois, which is not registered as a foreign entity with the state of Florida ("Illinois LLC"). Illinois LLC has committed tortious acts in the state of Florida, including intentional interference with a

contract in Florida and conversion of intangible assets of TALBOT and Florida LLC.

**ANSWER: Defendants deny the allegations contained in Paragraph 4 of the Amended Complaint.**

5.      ANDERSON, either directly, or by and through other entities including Innova Healthcare Systems, LLC a/k/a Innova Healthcare Systems, Inc. ("INNOVA"), and Illinois LLC are engaged in the development of healthcare informational services platforms, software and the design, development and employment of integrated medical care programs including coding and billing systems, that are being marketed throughout the United States, including Florida.

**ANSWER: Defendants admit the allegations contained in Paragraph 5 of the Amended Complaint.**

**BUSINESS PLATFORM**

6.      In late 2014, TALBOT and ANDERSON agreed to develop a business venture ("Agreement") to create a comprehensive integrated technology and communications platform designed to provide an on-line medical service, patient centric, care model designed to deliver enhanced care services on behalf of Medicare patients with two or more chronic conditions and their participating providers (the "Platform").

**ANSWER: Defendants deny the allegations contained in Paragraph 6 of the Amended Complaint.**

7.     Over a period of approximately 3-4 months, ANDERSON made hundreds of communications to TALBOT in Florida, including multiple e-mails, telephone calls, and text messages about the Platform, all in furtherance of the Agreement to develop the Platform.

**ANSWER: Defendants deny the allegations contained in Paragraph 7 of the Amended Complaint.**

8.     As part of their agreement, TALBOT and ANDERSON agreed to organize the Florida LLC with TALBOT and ANDERSON (either directly or through other entities controlled by them, as members) and TALBOT as the manager, as a Florida limited liability company to be located in Florida, which would own and carry out the further development of the Platform.

**ANSWER: Defendants deny the allegations contained in Paragraph 8 of the Amended Complaint.**

9.     In addition, TALBOT agreed to provide his expertise in sales, marketing, funding, and fundraising for the creation of the Platform to be conducted through the Florida LLC, and Anderson agreed to develop a web p01ial and develop and deploy the technology platform to assist in the delivery of the services for the Platform by the Florida LLC.

**ANSWER: Defendants deny the allegations contained in Paragraph 9 of the Amended Complaint.**

10.     From December 2014 through February 2015, ANDERSON and TALBOT prepared, or caused to be prepared, an offering memorandum for

the Florida LLC setting forth the intended business structure of the

Platform, including, managerial responsibilities, goals, risk factors, and

anticipated ownership of the Platform to be owned and carried out by the

Florida LLC. ANDERSON and TALBOT exchanged multiple drafts during the

process, each of which provided that the Florida LLC would have a Florida

address and do business in Florida. A copy of the final draft of the offering

memorandum is attached hereto as **Exhibit** "A" ("Offering Memorandum").

**ANSWER: Defendants deny the allegations contained in Paragraph 10 of the Amended Complaint.**

11.     Throughout late 2014 and early 2015, TALBOT and ANDERSON

expended time, monies and efforts in furtherance of the creation and

development of the Platform to be owned by the Florida LLC, which were at

least in paii financed by TALBOT, including: (a) the retention of a graphic

designer and writer; (b) the purchase of various resources; (c) negotiations

with third parties to assist in the development of the Platform for the

Florida LLC; and ( d) the engagement of New Wave Enterprises, which

invoiced the Florida LLC at the Florida LLC's Florida address, to develop a

web portal.

**ANSWER: Defendants deny the allegations contained in Paragraph 11 of the Amended Complaint.**

12.     In February 2015, ANDERSON traveled to Florida, at TALBOT's

expense, to meet with TALBOT to carry out further aspects of the Agreement

for the development of the Platform. During this time in Florida, TALBOT and ANDERSON (a) conferred with CMS to learn specific details on the new CPT codes 99490 for managing the care of Medicare patients;(b) agreed that the Florida LLC would be organized in the state of Florida as a limited liability company to own and carry out the activities related to the Platform; (c) met with Florida counsel for purposes of formal organization of the Florida LLC as a Florida limited liability company; (d) participated in a conference call with a third party regarding the development of a bridge patient portal and the entering into of a software license agreement for the same; (e) met with a third party investor, introduced by TALBOT, to finance the development of the Platform and the initial start-up expenses of the Florida LLC; and (f) identified vendors to assist in the services to be provided by the Florida LLC.

**ANSWER: Defendants deny the allegations contained in Paragraph 12 of the Amended Complaint.**

13.    On or about February 23, 2015, ANDERSON and TALBOT caused Articles of Organization to be filed with the Secretary of State of Florida for the Florida LLC; a copy of the Articles is attached hereto as **Exhibit "B."**

**ANSWER: Defendants deny the allegations contained in Paragraph 13 of the Amended Complaint.**

14.    Subsequent to the meetings m Florida, and contrary to the Agreement, ANDERSON ceased further communication with TALBOT and

thereupon undertook to exclude TALBOT and the Florida LLC from any further involvement with the Platform.

**ANSWER: Defendants deny the allegations contained in Paragraph 14 of the Amended Complaint.**

15.     Instead, ANDERSON formed, or caused to be formed, the Illinois LLC, with ANDERSON as its manager, to own and carry out the functions of the Platform in contravention of the Agreement with TALBOT. Since such formation, ANDERSON and Illinois LLC have asserted control over and converted the assets associated with the Platform, including the technology, proprietary business plan, design and even the name associated with the Platform, all of which were intangible assets owned by TALBOT and the Florida LLC.

**ANSWER: Defendants deny the allegations contained in Paragraph 15 of the Amended Complaint.**

16.     Thereafter, ANDERSON, individually and as a member of Illinois LLC (through INNOVA), began (a) contacting third parties introduced by TALBOT, which included persons and entities in Florida, for purposes of securing financing for the creation of the Platform on behalf of the Illinois LLC; (b) conferring with potential clients and soliciting customers for the use of the Platform, which were introduced by TALBOT for purposes of redirecting such clients or customers to the Illinois LLC and away from the Florida LLC; and ( c) otherwise using the information, plan and resources

developed by or with TALBOT for the Florida LLC to carry out the business of the Platform, while excluding TALBOT and the Florida LLC from any further participation therein.

**ANSWER: Defendants deny the allegations contained in Paragraph 16 of the Amended Complaint.**

17.   All conditions precedent to each and every cause of action set forth herein has occurred, or been waived.

**ANSWER: Defendants deny the allegations contained in Paragraph 17 of the Amended Complaint.**

## COUNT I
(Breach of Joint Venture Agreement)

18.   This is an action for damages which exceed $15,000.00 by TALBOT against ANDERSON.

**ANSWER: Defendants admit that Plaintiffs are seeking damages in excess of $15,000 but deny that Plaintiffs are entitled to any damages.**

19.   The allegations contained in paragraphs 1 through 17 above are realleged and incorporated herein.

**ANSWER: Defendants reallege their answers to the allegations contained in paragraphs 1 through 17 above.**

20.   TALBOT and ANDERSON entered into an agreement to pursue the creation and implementation of the Platform though the Florida LLC, with TALBOT and ANDERSON as participants in the Florida LLC, either

individually or through companies controlled by them. TALBOT and
ANDERSON agreed that the Florida LLC would be formed in Florida, with its
principal place of business in Florida. The Agreement required both TALBOT
and ANDERSON to participate in the formation of the Florida LLC and
organization of the Florida LLC in Florida.

**ANSWER: Defendants deny the allegations contained in Paragraph
20 of the Amended Complaint.**

21.    TALBOT and ANDERSON undertook partial performance of the
Agreement by virtue of the actions taken to organize the Florida LLC, the
identification of goals for the Platform, seeking of third party financing for
and contracts with the Florida LLC for the creation and development of the
Platform, and by entering into contracts with third parties for the
development of the systems and infrastructure for furthering development
of the Platform to be owned by the Florida LLC.

**ANSWER: Defendants deny the allegations contained in Paragraph
21 of the Amended Complaint.**

22.    ANDERSON breached the Agreement with TALBOT by excluding
TALBOT from the further creation and ownership of the Platform through
the Florida LLC and refusing to let TALBOT or the Florida LLC participate
therein, and by causing or actively participating in the organization of the
Illinois LLC for such purposes.

**ANSWER: Defendants deny the allegations contained in Paragraph 22 of the Amended Complaint.**

23.     ANDERSON further breached the Agreement by refusing to provide services in furtherance of the development of the Platform for the Florida LLC and by depriving TALBOT and the Florida LLC of any further participation in the Platform.

**ANSWER: Defendants deny the allegations contained in Paragraph 23 of the Amended Complaint.**

24.     As a direct and proximate result, TALBOT has been damaged, including, but not limited to: (a) the loss of the ability to continue the development of the Platform through the Florida LLC; (b) the loss of membership interest in the Florida LLC and the profits that would have accrued to TALBOT; and (c) the loss of money invested in the Platform and the Florida LLC by TALBOT.

**ANSWER: Defendants deny the allegations contained in Paragraph 24 of the Amended Complaint.**

WHERFORE, defendants pray that this honorable Court dismiss Count I of the Amended Complaint, award defendants their costs of suit, and for such further relief as this Court deems equitable and just.

## COUNT II
### (Intentional Interference with Joint Venture Agreement)

25.    This is an action for damages in excess of $15,000.00 by

TALBOT against Illinois LLC.

**ANSWER: Defendants admit that Plaintiffs are seeking damages in**

**excess of $15,000 but deny that Plaintiffs are entitled to any damages.**

26.    The allegations contained in paragraphs 1 through 17 and 20

through 23 above are realleged and incorporated herein.

**ANSWER: Defendants reallege their answers to the allegations**

**contained in paragraphs 1 through 17 and 20 through 23 above.**

27.    At the time of its formation, the Illinois LLC, by and through

ANDERSON as its manager, had knowledge of the Agreement between

ANDERSON and TALBOT, the material provisions of which were developed

in Florida.

**ANSWER: Defendants deny the allegations contained in Paragraph**

**27 of the Amended Complaint.**

28.    The Agreement is a valid contract that required ANDERSON to

carry on the creation and development of the Platform with TALBOT

through the Florida LLC, which was intended to be formed and operated in

the state of Florida.

**ANSWER: Defendants deny the allegations contained in Paragraph**

**28 of the Amended Complaint.**

29.    Illinois LLC, intentionally and without legal justification, induced ANDERSON to breach the Agreement by seeking to have ANDERSON divert his efforts to Illinois LLC and cease performing under the Agreement, thus depriving TALBOT and the Florida LLC of further participation in the creation and development of the Platform.

**ANSWER: Defendants deny the allegations contained in Paragraph 29 of the Amended Complaint.**

30.    As a result of Illinois LLC's actions, ANDERSON breached the Agreement.

**ANSWER: Defendants deny the allegations contained in Paragraph 30 of the Amended Complaint.**

31.    As a direct and proximate result, TALBOT and the Florida LLC have been damaged, including, but not limited to: (a) the loss of the ability to continue the development Platform through the Florida LLC; (b) the loss of membership interest in the Florida LLC and the profits that would have accrued to TALBOT and the Florida LLC; and (c) the loss of money invested in the Platform by TALBOT.

**ANSWER: Defendants deny the allegations contained in Paragraph 31 of the Amended Complaint.**

WHERFORE, defendants pray that this honorable Court dismiss Count II of the Amended Complaint, award defendants their costs of suit, and for such further relief as this Court deems equitable and just.

## COUNT III
(Breach of Fiduciary Duty)

32.    This is an action for damages in excess of $15,000.00 by TALBOT against ANDERSON.

**ANSWER: Defendants admit that Plaintiffs are seeking damages in excess of $15,000 but deny that Plaintiffs are entitled to any damages.**

33.    The allegations contained in paragraphs 1 through17 and 20 through 23 above are realleged and incorporated herein.

**ANSWER: Defendants reallege their answers to the allegations contained in paragraphs 1 through 17 and 20 through 23 above.**

34.    TALBOT reposed trust and confidence in ANDERSON to honor the Agreement to continue to pursue the Platform for the benefit of ANDERSON and TALBOT and to carry out the Platform through the Florida LLC. ANDERSON accepted such trust and confidence.

**ANSWER: Defendants deny the allegations contained in Paragraph 34 of the Amended Complaint.**

35.    As a joint venturer and party to the Agreement with TALBOT, ANDERSON owes TALBOT fiduciary duties, including a duty of loyalty and a duty of full disclosure regarding matters affecting the Agreement and the

development and implementation of the Platform.  ANDERSON further owes TALBOT a fiduciary duty to use the concepts, plans and schemes, including all proprietary information, developed by the parties as part of the Platform for the benefit of the pa1iies, and not to exclude TALBOT.

**ANSWER: Defendants deny the allegations contained in Paragraph 35 of the Amended Complaint.**

36.    ANDERSON breached his fiduciary duty to TALBOT by breaching his Agreement with TALBOT and excluding him from the further creation and development of the Platform and utilizing the fruits of the labor of TALBOT for his own use and benefit or the Illinois LLC, which was not entitled to them.

**ANSWER: Defendants deny the allegations contained in Paragraph 36 of the Amended Complaint.**

WHERFORE, defendants prays that this honorable Court dismiss Count III of the Amended Complaint, award Defendants their costs of suit, and for such further relief as this Court deems equitable and just.

### COUNT IV
(Conversion)

37.    This is an action for damages in excess of $15,000.00 by Florida LLC against ANDERSON and Illinois LLC.

**ANSWER: Defendants admit that Plaintiffs are seeking damages in excess of $15,000 but deny that Plaintiffs are entitled to any damages.**

38.    The allegations contained in paragraphs 1 through 17, 20 through 23, and 27 through 30 above are realleged and incorporated herein.

**ANSWER: Defendants reallege their answers to the allegations contained in paragraphs 1 through 17, 20 through 23, and 27 through 30 above.**

39.    As a result of TALBOT's efforts, and the Agreement to pursue the Platform through the Florida LLC made between ANDERSON and TALBOT, both at meetings occurring in Florida and through communications directed to TALBOT in Florida, TALBOT and the Florida LLC had valuable business opportunities in the Platform, including the proprietary business plan and other assets thereof, which were to be conducted by or through the Florida LLC.

**ANSWER: Defendants deny the allegations contained in Paragraph 39 of the Amended Complaint.**

40.    ANDERSON and Illinois LLC converted TALBOT's and the Florida LLC's interest in the assets of the Platform, and have and continue to exercise control over them, all of which were owned by TALBOT and the Florida LLC in Florida.

**ANSWER: Defendants deny the allegations contained in Paragraph 40 of the Amended Complaint.**

41.    Their activities are adverse and detrimental to the rights of TALBOT and Florida LLC in the Platform and its assets.

**ANSWER: Defendants deny the allegations contained in Paragraph 41 of the Amended Complaint.**

42.    TALBOT and Florida LLC have been damaged as a result of the conversion by ANDERSON and Illinois LLC.

**ANSWER: Defendants deny the allegations contained in Paragraph 42 of the Amended Complaint.**

WHERFORE, defendants prays that this honorable Court dismiss Count IV of the Amended Complaint, award Defendants their costs of suit, and for such further relief as this Court deems equitable and just.

### COUNT V
(Fraud)

43.    This is an action for damages in excess of $15,000.00 by TALBOT against ANDERSON and Illinois LLC.

**ANSWER: Defendants admit that Plaintiffs are seeking damages in excess of $15,000 but deny that Plaintiffs are entitled to any damages.**

44.    The allegations contained in paragraphs 1 through 17 and 20 through 23 above are realleged and incorporated herein.

**ANSWER: Defendants reallege their answers to the allegations contained in paragraphs 1 through 17 and 20 through 23 above.**

45.    TALBOT reasonably relied in good faith upon representations made by ANDERSON that the Platform would be owned and its business

conducted through the Florida LLC as a joint effort in which both TALBOT

and ANDERSON would participate.

**ANSWER: Defendants deny the allegations contained in Paragraph**

**45 of the Amended Complaint.**

46.     ANDERSON made the representations to TALBOT during his

hundreds of communications to TALBOT in the state of Florida. The

representations included the stated intent that the Florida LLC would

operate in Florida.

**ANSWER: Defendants deny the allegations contained in Paragraph**

**46 of the Amended Complaint.**

47.     At the time of the representations, ANDERSON had a secret,

undisclosed intent that he would exclude TALBOT and would never allow

TALBOT to participate in the Platform, nor allow him or the Florida LLC to

enjoy the benefits of the efforts expended as set forth herein.

**ANSWER: Defendants deny the allegations contained in Paragraph**

**47 of the Amended Complaint.**

48.     ANDERSON planned that he would utilize the monies, time,

efforts, and business contacts provided by TALBOT in setting up the Florida

LLC and furthering the development of the Platform, and then he would

exclude TALBOT and organize a business entity without TALBOT to carry on

the Platform.

**ANSWER: Defendants deny the allegations contained in Paragraph 48 of the Amended Complaint.**

49.     ANDERSON did exclude TALBOT, and organized the Illinois LLC to own and carry on the business of the Platform, without any participation by TALBOT therein.

**ANSWER: Defendants deny the allegations contained in Paragraph 49 of the Amended Complaint.**

50.     The Illinois LLC, by and through ANDERSON as its manager, received the benefits of the misrepresentations by ANDERSON, including those that occurred in Florida, and has enjoyed, and continues to enjoy, the benefits of such misrepresentations in the operation of its business generated by the Platform.

**ANSWER: Defendants deny the allegations contained in Paragraph 50 of the Amended Complaint.**

WHERFORE, defendants pray that this honorable Court dismiss Count V of the Amended Complaint, award defendants their costs of suit, and for such further relief as this Court deems equitable and just.

### COUNT VI
(Constructive Trust)

51.     This is an action by TALBOT and the Florida LLC to impose a constructive trust upon assets of ANDERSON and the Illinois LLC.

**ANSWER: Defendants admit that Plaintiffs are seeking a constructive trust but deny that Plaintiffs are entitled to such relief.**

52.    The allegations contained in paragraphs 1 through 17, 20 through 23, 27 through 30, 34 through 36, and 39 through 42 above are realleged and incorporated herein. 53.

**ANSWER: Defendants reallege their answers to the allegations contained in paragraphs 1 through 17, 20 through 23, 27 through 30, 34 through 36, and 39 through 42 above.**

53.    As part of the Agreement, ANDERSON promised to pursue the creation and development of the Platform through the Florida LLC.

**ANSWER: Defendants deny the allegations contained in Paragraph 53 of the Amended Complaint.**

54.    TALBOT transferred both money and intangible assets to ANDERSON, and participated in the creation and implementation of the proprietary business plan of the Platform with ANDERSON, in reliance upon ANDERSON's promise to pursue the creation and ownership of the Platform with TALBOT through the Florida LLC.

**ANSWER: Defendants deny the allegations contained in Paragraph 54 of the Amended Complaint.**

55.    ANDERSON had a duty of confidentiality to keep and use the proprietary business plan and other assets of the Platform for the benefit of ANDERSON and TALBOT, and to incorporate them into the Florida LLC.

**ANSWER: Defendants deny the allegations contained in Paragraph 55 of the Amended Complaint.**

56.    The Illinois LLC, through the actions of ANDERSON as its manager, knew of TALBOTS 's and the Florida LLC' s rights in the Platform and its assets, but the Illinois LLC has converted the same and voluntarily accepted the assets and the benefits from the assets, which were conferred by TALBOT and to be held by the Florida LLC.

**ANSWER: Defendants deny the allegations contained in Paragraph 56 of the Amended Complaint.**

57.    It would be inequitable for Illinois LLC to retain the proprietary business plan or any assets of the Platform.

**ANSWER: Defendants deny the allegations contained in Paragraph 57 of the Amended Complaint.**

58.    As a result of the actions by ANDERSON, both TALBOT and the Florida LLC have been wrongfully deprived of their interests in the Platform, including the contracts they have or may have with third parties, investments in the Platform, and the profits derived or to be derived from the Platform, which are being carried on and held by ANDERSON and the Illinois LLC.

**ANSWER: Defendants deny the allegations contained in Paragraph 58 of the Amended Complaint.**

59.    ANDERSON and the Illinois LLC have been unjustly enriched by the transfer of the assets of the Platform into the Illinois LLC, or the usurpation of the assets of the Platform by ANDERSON and/or the Illinois LLC, which was to be owned and carried on through the Florida LLC with TALBOT as a member.

**ANSWER: Defendants deny the allegations contained in Paragraph 59 of the Amended Complaint.**

WHERFORE, defendants pray that this honorable Court dismiss Count VI of the Amended Complaint, award defendants their costs of suit, and for such further relief as this Court deems equitable and just.

**COUNT VII**
(Injunctive Relief)

60.    This is an action by TALBOT and the Florida LLC for temporary and permanent injunctive relief against ANDERSON and the Illinois LLC.

**ANSWER: Defendants admit that Plaintiffs are seeking injunctive relief but deny that Plaintiffs are entitled to such relief**

61.    The allegations contained in paragraphs 1 through 17, 20 through 23, 27 through 30, 34 through 36, 39 through 42, and 53 through 59 above are realleged and incorporated herein.

**ANSWER: Defendants reallege their answers to the allegations contained in paragraphs 1 through 17, 20 through 23, 27 through 30, 34 through 36, 39 through 42, and 53 through 59 above.**

62.    ANDERSON'S actions in contravention of Agreement with

TALBOT, and the diversion of the Platform and its assets away from TALBOT

to the Illinois LLC, which actions include: obtaining financing from third

parties for the Illinois LLC; redirecting services and opportunities related to

the Platform away from the Florida LLC and to the Illinois LLC; using the

ideas, information and plans of the Platform to the exclusion of TALBOT and

Florida LLC; and using Florida LLC's proprietary business plan to the

exclusion of Florida LLC. These actions are continuing and have caused, and

will likely continue to cause, damages to TALBOT and Florida LLC that are

difficult to calculate.

**ANSWER: Defendants deny the allegations contained in Paragraph**

**62 of the Amended Complaint.**

63.    The harm that has been suffered by TALBOT and the Florida LLC

as a result of ANDERSON's violations and the conversion by the Illinois LLC

is, and will continue to be, irreparable for which there is no adequate

remedy at law.

**ANSWER: Defendants deny the allegations contained in Paragraph**

**63 of the Amended Complaint.**

64.    Enjoining ANDERSON's further violations of the use of the

Platform and its assets, and the Illinois LLC's conversion and use of

TALBOT's and the Florida LLC's interests therein, including the proprietary

information of the Platform, will not be adverse to the public health, safety

and welfare, is in the public interest, and is reasonably necessary to prevent further irreparable harm to TALBOT and the Florida LLC.

**ANSWER: Defendants deny the allegations contained in Paragraph 64 of the Amended Complaint.**

WHERFORE, defendants pray that this honorable Court dismiss Count VII of the Amended Complaint, award defendants their costs of suit, and for such further relief as this Court deems equitable and just.

**DEFENDANTS DEMAND A TRIAL BY JURY.**

Respectfully Submitted,

SCOTT R. ANDERSON and MYCARECOACH, LLC, an Illinois limited liability company, Defendants,

By: */s/Michelle N. Schneiderheinze*
MICHELLE N. SCHNEIDERHEINZE
Illinois Bar No.  6272646
Email: michelle@hunzikerlaw.com
Hunziker Heck & Schneiderheinze LLC
416 Main Street Suite 1600
Peoria, IL 61602
(309) 676-7777
(309) 676-1326(fax)

*Attorney for Defendants Scott R. Anderson and MyCareCoach, LLC.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 24th day of September 2015, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

THOMAS H. DART
Adams and Reese LLP
1515 Ringling Boulevard, Suite 700
Sarasota, Florida 34236

P. MATTHEW LUKA
Trombley & Hanes, P.A.
707 N. Franklin St., 10th Floor
Tampa, FL 33602

*/s/ Michelle N. Schneiderheinze*
MICHELLE N. SCHNEIDERHEINZE
Illinois Bar No.  6272646
Email: michelle@hunzikerlaw.com
Hunziker Heck & Schneiderheinze LLC
416 Main Street Suite 1600
Peoria, IL 61602
(309) 676-7777
(309) 676-1326(fax)

*Attorney for Defendants Scott R.*
*Anderson and MyCareCoach, LLC.*

# VERIFICATION

Under penalties as provided by law the undersigned certifies that the statements set forth in this instrument are true and correct except as to the matters stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true.

_Scott R. Anderson_