UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROBERT V. TALBOT and
MYCARECOACH, LLC, a Florida
limited liability company,

      Plaintiffs,

v.                                    CASE NO. 8:15-CV-1313-T-24TBM

SCOTT R. ANDERSON and
MYCARECOACH, LLC, an Illinois
limited liability company,

      Defendants.
_____/

**PROTECTIVE ORDER**

The Court being informed that the parties are in agreement that a Protective Order should be entered in this case in order to facilitate discovery:

**NOW THEREFORE, IT IS HERBY ORDERED**:

This Order governs the handling of confidential and/or proprietary, documents, items and materials as defined in paragraph 2 hereof, filed by any party (the "producing party") during the proceedings in this actions.

1. For purposes of this Order, either party may designate any documents, items or materials as "Confidential Material" and/or "Proprietary Material" and/or "Attorneys Eyes Only", and shall mean any document or item produced or filed in this litigation that is designated by the producing party as "Confidential Material" and/or "Proprietary Material" and/or "Attorneys Eyes Only."

2. Confidential Material and/or Proprietary Material shall also include any deposition transcripts, deposition or trial exhibits, interrogatories and the answers thereto, requests to produce

and the answers thereto, requests to admit and responses thereto, motions, briefs, memoranda, pleadings and other similar material containing, referencing, reflecting or derived from such information.

3. Any Confidential Material and/or Proprietary Material must be so marked by stamping or otherwise marking such material with the term "Confidential Material" or "Proprietary Material" or "Attorneys Eyes Only" at the time of its production. Counsel for the producing party, if the material is to be designated as Confidential Material and/or Proprietary Material and/or Attorneys Eyes Only shall have made a good faith determination that the material is appropriately so designated under this Order before marking or otherwise designating the material as confidential and/or proprietary in nature.

4. Any deposition or other testimony may be designated as Confidential Material and/or Proprietary Material by stating orally on the record of a deposition that certain information or testimony is Confidential Material and/or Proprietary Material, unless such information or documents have been previously produced and were not so designated at the time of production.

5. Confidential Material and/or Proprietary Material may be disclosed or made available by the party receiving such material *only* to the following persons, who may make use of such information *only* in connection with this litigation:

    (a) The Court (at trial or through motions):

    (b) Counsel representing, advising or consulting with a party in this action with regard to this action (including in-house counsel, advisors or risk managers), and clerical, paralegal and secretarial staff employed by such persons;

    (c) Court reporters employed in connection with this litigation;

    (d) Parties and officers, directors, partners or employees of parties assisting in the

In the prosecution or defense of this litigation;

(e) Deponents and witnesses for purposes of conducting their examination in the

The actions; and;

(f) Any expert or outside technical consultant or any other person who is assisting Counsel or a party to this litigation and to whom it is necessary to disclose confidential information for the purpose of obtaining that assistance or consultation with respect to this lawsuit.

6. Material marked Attorneys Eyes Only may be disclosed or made available by the party receiving such material *only* to the following persons, who may make use of such information *only* in connection with this litigation:

(a) The Court (at trial or through motions):

(b) Counsel representing, advising or consulting with a party in this action with regard to this action and clerical, paralegal and secretarial staff employed by such persons; and

(c) Court reporters employed in connection with this litigation.

7. In the event that counsel for any party determines to file in or submit to this Court any Confidential Material and/or Proprietary Material, such documents shall individually or as a group contain the designation "Confidential Material" and/or "Proprietary Material" and shall be filed only in a sealed envelope on which a statement in substantially the following form shall appear:

**This envelope contains documents that are subject to a Protective Order entered by the Court in this action governing the use of Confidential Material and/or Proprietary Materials.**

All such material so marked and filed shall be secured by the clerk and shall be exhibited only to the persons designated in Paragraph 5 or 6 of this Order or as otherwise provided by further order of the Court.

      7. Whenever any document or item is filed under seal because it would disclose information from a document or item which is otherwise required to be filed under seal pursuant to this Order, the filing and continued sealing of such document or item shall be governed by this Order as if it were a sealed document.

      8. Entering into, agreeing to, producing or receiving materials pursuant to this Order or otherwise complying with the terms of this Order shall not:

      (a) operate as an admission by any party that any particular discovery material designated as "Confidential Material" and/or "Proprietary Material" actually contains or reflects trade secrets, proprietary or commercial information or other confidential matter, or;

      (b) prejudice in any way the rights of any party to object to the production of documents it considers not subject to discovery, or operate as an admission by any party that the restrictions and process set forth herein constitute adequate protection for any particular information deemed by such party to be confidential or proprietary within the meaning of paragraph 2, or;

      (a) prejudice in any way the rights of any party to object to authenticity or admissibility into evidence of any document covered under the terms of this Order, or;

      (b) prejudice in any way the rights of a party to seek a court determination whether such material should be subject to the terms of this Order, or;

      (c) prejudice in any way the rights of a party to petition the Court for a further protective order relating to any other purportedly confidential information.

9.  Subject to the terms of paragraph 5 and 6, above, in respect to any "expert", each person given access to confidential material pursuant to this Order shall be advised by the person granting that access that the material is being disclosed pursuant to and subject to the terms of this Order and may not be disclosed other than pursuant to the terms of this Order.

10.  If the attorneys of record in this action for any receiving party object to the designation of any documents or information as Confidential Material and/or Proprietary Material, those attorneys shall so notify (the "Notice") the attorneys for the producing party in writing unless the attorneys for such producing party agree otherwise.  The Notice shall attach a copy of each subject document or shall identify each subject document by production number or other appropriate designation and shall state that the receiving party objects to the designation of such documents as Confidential Material and/or Proprietary Material.  In the event of such Notice, the parties shall try to resolve the dispute in good faith on an informal basis.  If the dispute cannot be resolved by the parties, then the producing party shall seek a hearing before this Court with respect to the propriety of the Confidential Material and/or Proprietary Material designation and the receiving party will cooperate in obtaining a prompt hearing with respect thereto.  Alternatively, if the dispute cannot be resolved, the objecting party may seek appropriate relief from this Court.  If relief is requested from this Court, the burden of establishing that a document has been appropriately designated as Confidential Material and/or Proprietary Material is on the designating party.  Until the parties resolve any disputed designation informally or until the Court rules on the disputed designation(s), the documents and information in question shall be treated as if appropriately designated under this Order.

11.  At the conclusion of this action, all Confidential Material and/or Proprietary Material and all copies of same shall be promptly returned by the receiving party to the producing party or

destroyed by the receiving party.  To the extent that documents reflecting attorney work-product contain information derived from confidential material, the receiving party may, in lieu of returning such documents to the producing party certify in writing to the producing party that such documents have been destroyed or that the designated confidential material has been redacted or otherwise eliminated from such work product.

Date: _____

                                    Enter: _____
                                    Magistrate Judge Thomas B. McCoun III