IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROBERT V. TALBOT and
MYCARECOACH, LLC, a Florida
limited liability company,

      Plaintiffs,

v.                                        CASE NO. 8:15-cv-1313-SCB-TBM

SCOTT R. ANDERSON and
MYCARECOACH, LLC, an Illinois
limited liability company,

      Defendants.
_____/

## PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION FOR PROTECTIVE ORDER

Plaintiffs, ROBERT V. TALBOT ("Talbot") and MYCARECOACH, LLC, a Florida limited liability company ("Plaintiff LLC") (collectively, "Plaintiffs"), by and through undersigned counsel, hereby respond in opposition to the Motion For Protective Order ("Motion") [D.E. #27] filed by Defendants, SCOTT R. ANDERSON ("Anderson") and MYCARECOACH, LLC, an Illinois limited liability company ("Defendant LLC") (collectively, "Defendants"), and in support thereof state as follows:

### INTRODUCTION

The action arises from a joint business venture between Talbot and Anderson to provide a comprehensive integrated technology and communications platform for chronic case management for Medicare patients (the "Venture"). *Am. Compl.*, ¶s 6-7. After agreeing to, and actively engaging in, the Venture, Anderson began to exclude Talbot from the

40377532-1

Venture. *Am. Compl.*, ¶ 14. Anderson formed Defendant LLC, which was then used to undertake the Venture and convert the assets of the Venture, while excluding Talbot and the Plaintiff LLC. *Am. Compl.*, ¶ 15-16. Plaintiffs filed this action seeking damages and to enjoin Defendants from further converting or using Plaintiffs' proprietary information.

## PROCEDURAL BACKGROUND

1. On September 30, 2015, Plaintiffs served their First Request for Production of documents upon the Defendants ("RFP"). Defendants were required to "respond in writing within 30 days after being served" - November 2, 2015 (including additional time provided under Rule 6(d)). *Fed.R.Civ.P.* 34(a)(2)(B).

2. On October 21, 2015, Plaintiffs served Notices of Taking Deposition of SCOTT R. ANDERSON and the Corporate Representative of Defendant LLC, which set the depositions for November 18, 2015. The dates for deposition were agreed upon by the parties with the caveat by Plaintiffs' counsel that the documents subject to the RFP would be timely provided.

3. Defendants failed to file any response to the RFP on or before November 2, 2015.

4. After expiration of the deadline, Plaintiffs' counsel communicated with Defendants' counsel to ascertain the status of the response. Although the response period had expired, Defendants' counsel sought an extension until November 20, 2015, which was agreed to. As a result, Plaintiffs' counsel was forced to reschedule the depositions of the Defendants to December 8, 2015.

5. Defendants again failed to file a response to the RFP on November 20, 2015.

On November 23, 2015, after further communications to Defendants' counsel, a portion of the documents subject to the RFP were provided.[1] Approximately the same time, Defendants' counsel advised that a significant portion of documents were confidential and/or proprietary and required the entry of a protective order prior to further production. Once again, Defendants did not provide a written response to the RFP or provide any indication regarding the quantity and/or nature of the documents withheld or the categories that are purportedly subject to an untimely objection.

6. Notwithstanding the untimely objection, Plaintiffs' counsel indicated that a protective order would be agreeable; however, production under "attorneys' eyes only" was not agreeable given the nature of this action and the need for Mr. Talbot to review the documents and provide direction to counsel.

7. Further demand was made that the documents be provided, yet, to date, the documents remain unproduced, which necessitated the cancelling of Defendants' depositions again.

8. Defendants now move for entry of a protective order in the form attached to the Motion ("Proposed Order").

9. The Motion should be denied in whole or in part because: (i) Defendants failed to timely raise objections to the RFP, thereby waiving objections under confidentiality; (ii) the Motion fails to set forth a justification for a protective order; and (iii) the Proposed Order fails to identify or define the categories of classified documents.

---

[1] The Motion alleges that over 3,000 pages of documents have been produced by Defendants (*Motion*, ¶2); however, the documents provided to date are substantially duplicitous of documents already in Plaintiffs'

WHEREFORE, the Plaintiffs request that Defendants' Motion for Protective Order be denied, Plaintiffs be awarded reasonable expenses incurred in the filing of this Response, and such other and further relief as the Court may deem just and proper.

### ARGUMENT AND AUTHORITY

"A party may serve on any other party a request within the scope of Rule 26(b): (1) to produce and permit the requesting party ... to inspect, copy ... any designated documents...." *Fed.R.Civ.P.* 34(a)(1). The party to whom a request for production of documents is directed must respond in writing within 30 days after being served. *Fed.R.Civ.P.* 34(b)(2)(A). The response must "either state that the inspection and related activities will be permitted as requested or state an objection to the request, including the reasons." *Fed.R.Civ.P.* 34(b)(2)(B). "An objection to part of a request must specify the part and permit inspection of the rest." *Fed.R.Civ.P.* 34(b)(2)(C).

1. <u>Waiver</u>

Regardless of the nature or amount of responsive documents to request under Rule 34, the requesting party is entitled to a response in writing. *Louen v. Twedt,* 236 F.R.D. 502, 505 (E.D. Cal. 2006) ("[Requesting party] is entitled to individualized, complete responses to each of the requests, as numbered and identified in the requests...."). Failure to respond and raise any objections to the requests in a timely manner results in a waiver of those objections. *Cargill, Inc. v. Ron Burge Trucking, Inc.,* 284 F.R.D. 421, 424 (D. Minn. 2012) (finding that the waiver provision of Rule 33(b)(4) applies to document requests under Rule 34). When

---

possession. None of the documents relating to Defendants' activities after Plaintiffs were excluded from the Venture have been provided.

objections are first raised after a response and the production of documents are due, the responder will be deemed to have waived any untimely objections. *Brenford Environmental System, L.P. v. Pipeliners of Puerto Rico*, 269 F.R.D. 143, 146 (D. P.R. 2010) (finding a response that was made 61 days after the original deadline was late and the objections therein were waived); *Bank of Mongolia v. M & P Global Financial Services, Inc.* 258 F.R.D. 514, 518 (S.D. Fla. 2009).

"There is substantial legal precedent supporting the general rule that if a party fails to respond in writing within thirty days of being served with a request for production of documents, it is appropriate for the court to find that the party's objections are waived, unless the court finds good cause and excuses that failure." *Bailey v. City of Daytona Beach Shores*, 286 F.R.D. 625, 627 (M.D. Fla. 2012) citing *Brenford*, supra, *et al.* (internal quotations omitted). Factors to consider whether good cause exists to except out of time objections include: (i) length of delay or failure to particularize; (ii) the reason for the delay or failure to particularize; (iii) whether there was any dilatory or bad faith action on the part of the party that failed to raise the objection properly; (iv) whether the party seeking discovery has been prejudiced by the failure; (v) whether the document production was properly framed and not excessively burdensome; and (vi) whether waiver would impose an excessively harsh result on the defaulting party." *Id.* (finding that a delay of two months to respond was not a minor procedural error and justified a finding of bad faith and waiver). Moreover, a party may not turn to the court to seek restriction and/or protection for a document production after the fact when the objection supporting such restriction was already waived. *Perry v. Golub*, 74 F.R.D. 360, 363 (N.D. Ala. 1976) (court found that producing party's request for a restriction

preventing the attorney from discussing the production with the party was improper, in part, based on the failure to timely object to the requests).

Defendants have filed this Motion seeking to breathe life into objections Defendants failed to timely raise in response to the RFP. To date, Defendants have not served or filed a written response or taken any action to identify which requests from the RFP are subject to objections. The continued failure of Defendants to comply with Rule 34 results in a waiver of any and all objections to the RFP and Defendants should not be able to recover the waived objections via a protective order. Defendants have not otherwise demonstrated a basis to excuse Defendants' failure to timely respond.

2. <u>No Good Cause Shown</u>

"The court may, <u>for good cause</u>, issue an order, to protect a party or person," controlling or limiting the nature of discovery. *Fed.R.Civ.P.* 26(c). A party seeking protection bears the burden of establishing good cause. *Knights Armament Co. v. Optical Systems Technology, Inc.*, 254 F.R.D. 463, 468 (M.D. Fla. 2008). General averments alone regarding the nature of the documents are not sufficient, and the Court may balance the need for requested protection against the potential injury from disclosure. *Emissive Energy Corp. v. Novatac, Inc.*, 2009 WL 2834841, *2 (S.D. Fla. 2009).

Defendants have made general allegations that "Plaintiffs have requested documents which contain details about Defendants' current and prospective customers" and that "Plaintiffs have requested documents which contain trade secret information about Defendants' business." *Motion*, ¶¶ 5-6. The Motion fails to identify: (i) the quantity of documents withheld, (ii) the nature of the documents withheld; (iii) the nature of the

40377532-1

customer information; or (iv) the nature of any alleged trade secrets. Without identifying the nature of the documents and their contents, the Court cannot determine that the harm of disclosure is sufficiently great to prevent disclosure. Moreover, without identifying the nature and content of the documents, there is no way for the Court to determine if limiting the disclosure to attorneys' eyes only would be sufficient to protect the interests of Plaintiffs.

   3.   No Standard Provided by Proposed Order

Even assuming that a protective order is warranted despite the waiver of objections and the lack of good cause shown by Defendants, the Proposed Order is inadequate. A restriction limiting the disclosure to attorneys' eyes only and prohibiting disclosure to the parties involved should only be permitted under situations where the concerns for confidentiality exceed general confidential information. *Auburn University v. International Business Machines Corp.*, 2010 WL 4053388 (M.D. Ala. 2010); *Merial Limited v. Elanco Animal Health*, 2015 WL 1120292 (M.D. Ga. 2015); *Foxworthy v. Sun Art Designs, Inc.*, 42 U.S.P.Q.2d 1317 (S.D. Fla. 1997) ("Defendants' bald claim that this information is confidential is not sufficient to justify it being withheld from plaintiff and his non-lawyer representatives. Thus, these documents must be redesignated as 'Confidential' rather the 'For Attorneys' Eyes Only.'").

The Proposed Order does not define or make any reference to what documents or information would constitute documents or information properly protected as 'Confidential Material' and/or 'Proprietary Material' and/or 'Attorneys' Eyes Only.' According to the Motion, the RFP seeks documents containing trade secrets (*Motion*, ¶6) and other documents (*Motion*, ¶5); yet, based on Defendants' current production, both sets of documents have

been withheld as Attorneys' Eyes Only documents. Moreover, the Proposed Order does not even permit Attorneys' Eyes Only documents to be shared with experts or technical consultants. Essentially, the proposed Protective Order is simply ensuring additional Court intervention and extended litigation in this case.

## CONCLUSION

Defendants have waived their objections to the RFP and cannot withhold documents under the waived objections. The Motion is an attempt to impose restrictions on documents responsive to the RFP despite the waiver of objections. Therefore, the Motion should be denied.

Respectfully submitted,

/s/ *Thomas H. Dart*
Thomas H. Dart, Esquire
Florida Bar No. 0228788
Jason T. Gaskill, Esquire
Florida Bar No. 0839051
Primary E-mail: tom.dart@arlaw.com
Primary E-mail: jason.gaskill@arlaw.com
Secondary E-mail: deborah.woodson@arlaw.com
ADAMS AND REESE LLP
1515 Ringling Boulevard, Suite 700
Sarasota, Florida 34236
Tel.: 941-316-7600/Fax: 941-316-7903
*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

    I hereby certify that on December 7, 2015, I electronically filed the foregoing Plaintiffs' Response to Defendants' Motion for Protective Order with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

| | |
|---|---|
| Michelle N. Schneiderheinze, Esquire<br>Hunziker Heck & Schneiderheinze LLC<br>416 Main Street, Suite 1600<br>Peoria, IL 61602<br>E-mail: michelle@hunzikerlaw.com;<br>greg@hunzikerlaw.com;<br>cassandra@hunzikerlaw.com<br>*Counsel for Defendants* | P. Matthew Luka, Esquire<br>Trombley & Hanes, P.A.<br>707 North Franklin Street, 10th Floor<br>Tampa, FL 33602<br>E-mail: mluka@trombleyhaneslaw.com<br>*Counsel for Defendants* |

                                                                   /s/ *Thomas H. Dart*
                                                                   Thomas H. Dart, Esquire
                                                                   Florida Bar No. 0228788
                                                                   tom.dart@arlaw.com