IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROBERT V. TALBOT and
MYCARECOACH, LLC, a Florida
limited liability company,

      Plaintiffs,

v.                                                     CASE NO. 8:15-cv-1313-SCB-TBM

SCOTT R. ANDERSON and
MYCARECOACH, LLC, an Illinois
limited liability company,

      Defendants.
_____/

## PLAINTIFFS' MOTION TO COMPEL
## DISCOVERY RESPONSES FROM DEFENDANTS

      Plaintiffs, ROBERT V. TALBOT and MYCARECOACH, LLC, a Florida limited liability company, move for an Order compelling discovery responses from Defendants, SCOTT R. ANDERSON and MYCARECOACH, LLC, an Illinois limited liability company, pursuant to Rule 37 of the Federal Rules of Civil Procedure, and in support thereof state:

      1.      A Case Management and Scheduling Order was entered by this Court on July 17, 2015, which required all discovery to be completed by May 27, 2016.

      2.      On September 30, 2015, Plaintiffs served their First Request for Production of documents upon the Defendants, a copy of which is attached hereto as **Exhibit "A."** Pursuant to Rule 34, Federal Rules of Civil Procedure, a response was required to be served by the Defendants on or before November 2, 2015 (including additional time provided under Rule 6(d)).

3. On October 12, 2015, Plaintiffs served upon the Defendants certain Interrogatories; a copy of said Interrogatories is attached hereto as **Exhibit "B."**[1] Pursuant to Rule 33, Federal Rules of Civil Procedure, the responses were due on or before November 15, 2015 (including additional time provided under Rule 6(d)).

4. On October 21, 2015, Plaintiffs served their Notices of Taking Deposition of Defendant, SCOTT R. ANDERSON, and the Corporate Representative of Defendant, MYCARECOACH, LLC, an Illinois limited liability company, which set the depositions for November 18, 2015. The dates for deposition were agreed upon by the parties with the caveat by Plaintiffs' counsel that the documents subject to the Request for Production and the responses to the Interrogatories served upon the Defendants would be provided prior thereto so as to allow the depositions to proceed in an expeditious fashion.

5. Defendants failed to timely file any response to the Request for Production or to the Interrogatories as required by the applicable Federal Rules of Civil Procedure.

6. After expiration of the response deadlines, counsel for the Plaintiffs communicated with counsel for the Defendants and agreed to extend the time to provide documents responsive to the Request for Production and the answers to Interrogatories until November 20, 2015. Such extension necessitated the rescheduling of the depositions of the Defendants to December 8, 2015. Counsel for the Plaintiffs again stressed that the documents subject to the Request for Production and Interrogatory responses would be

---

[1] Although Local Rule 3.04 contemplates that each interrogatory or request for production be set forth in the Motion followed immediately by a quotation with the objection along with a statement as to why the Motion should be granted, since no objections or responses were served, the full Request for Production and Interrogatories are attached hereto for reference.

necessary for the preparation of the taking of the depositions of the Defendants in this matter. Copies of the e-mail exchanges between counsel of the relevant communications are attached hereto as **Exhibit "C."**

7. Defendants again failed to file a response to Plaintiffs' Request for Production and Plaintiffs' First Set of Interrogatories to the Defendants on or before November 20, 2015 as agreed upon. On November 23, 2015, after further communications from Plaintiffs' counsel to counsel for the Defendants, a portion of the documents subject to the Request for Production were sent to Plaintiffs' counsel. At or approximately the same time, counsel for the Defendants advised Plaintiffs' counsel that a significant portion of the documents subject to the Request were confidential and/or proprietary and required the entry of a protective order prior to further production.

8. To date, documents subject to the Request for Production remain outstanding, and Defendants have not served any response to either the Interrogatories, or the Request for Production. As a result, the rescheduled depositions of the Defendants in this matter have been cancelled.

9. Insofar as Defendants have not served a response or any objections to either the Request for Production or the Interrogatories, Plaintiffs are unable to quote in full any response as required by Local Rule 3.04(a); however, the full text of the Request for Production and Interrogatories is found in Exhibits "A" and "B."

WHEREFORE, the Plaintiffs move this Court for an Order compelling production of the documents pursuant to the Plaintiffs' First Request for Production and responses to the Interrogatories pursuant to the First Set of Interrogatories propounded upon the Defendants in this cause, together with reasonable expenses incurred in the filing of this Motion.

## MEMORANDUM IN SUPPORT OF MOTION

Pursuant to Federal Rule of Civil Procedure 34(a)(1), "[a] party may serve on any other party a request within the scope of Rule 26(b): (1) to produce and permit the requesting party ... to inspect, copy ... any designated documents...." Federal Rule of Civil Procedure 34(b)(2)(A) requires that the party to whom a request for production of documents is directed must respond in writing within 30 days after being served. Subsection (2)(B) of that Rule provides that for each item or category, the response must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons.

Federal Rule of Civil Procedure 33(b)(2) provides that a party to whom interrogatories are directed must serve its answers and any objections within 30 days after being served with the interrogatories. Subsection (b)(3) of that Rule provides that each interrogatory must, to the extent that it is not objected to, be answered separately and fully in writing under oath. Subsection (b)(4) provides that the grounds for objecting to an interrogatory must be stated with specificity. Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure.

Rule 37(a)(3)(B) of the Federal Rules of Civil Procedure allows "[a] party seeking

40339748v3

discovery [to] move for an order compelling an answer, designation, production, or inspection..... This motion may be made if ... (iii) a party fails to answer an interrogatory submitted under Rule 33, or (iv) a party fails to produce documents or fails to respond that inspection will be permitted-or fails to permit inspection-as requested under Rule 34." Fed.R.Civ.P. 37(a)(3)(B)(iv)

Here, the Defendants neither answered nor objected to the interrogatories within 30 days after being served with the same. Further, the Defendants failed to properly respond to the interrogatories within the time limit extensions granted by Plaintiffs' counsel. As a result, the Defendants have waived any objections that they may otherwise have raised to the interrogatories served upon them.

Instead, the Defendants have filed a Motion for Protective Order, nearly 60 days after the responses to the request for production were due, and some 38 days after the answers or objections to interrogatories were required to be due.[2] In the Motion, counsel for the Defendants allege that they have produced over 3,000 pages of documents in response to Plaintiffs' discovery requests. However, as the e-mail chain between counsel attached as **Exhibit "D"** indicates, over 1,600 pages produced were third party publications that are in the public domain and had limited relevance to the issues in the pending matter, and the balance were e-mails and attachments exchanged between the parties which, as acknowledged by counsel, were already in the possession and control of the Plaintiffs. There have been virtually no documents produced by Defendants that were promulgated subsequent

---

[2] The propriety of the Motion for Protective Order will be more fully addressed in the Response to the Motion filed under separate cover.

to the date on which the Plaintiffs allege they were ousted from the Venture.

## CONCLUSION

The Defendants have waived any rights to object to the production of documents or answers to the interrogatories served upon them by their failure to respond or object within the time limits provided by the Federal Rules of Civil Procedure. The filing of the Motion for Protective Order does not relieve the Defendants of their obligation to timely respond to the Interrogatories and Requests for Production. The Defendants should be compelled to provide answers to the Interrogatories and documents subject to the Request for Production, together with payment of the expenses of the Plaintiffs in bringing this Motion.

## CERTIFICATION

Pursuant to Federal Rule of Civil Procedure 37(a)(5)(A)(i) and Local Rule 3.01(g), the undersigned counsel certifies that he has conferred with opposing counsel and they have been unable to agree upon a resolution of the Motion.

Respectfully submitted,

/s/ *Thomas H. Dart*
Thomas H. Dart, Esquire
Florida Bar No. 0228788
Jason T. Gaskill, Esquire
Florida Bar No. 0839051
Primary E-mail: tom.dart@arlaw.com
Primary E-mail: jason.gaskill@arlaw.com
Secondary E-mail: deborah.woodson@arlaw.com
ADAMS AND REESE LLP
1515 Ringling Boulevard, Suite 700
Sarasota, Florida 34236
Tel.: 941-316-7600/Fax: 941-316-7903
*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on December 7, 2015, I electronically filed the foregoing Plaintiffs' Motion to Compel Discovery Responses from Defendants with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

| Michelle N. Schneiderheinze, Esquire<br>Hunziker Heck & Schneiderheinze LLC<br>416 Main Street, Suite 1600<br>Peoria, IL 61602<br>E-mail: michelle@hunzikerlaw.com;<br>greg@hunzikerlaw.com;<br>cassandra@hunzikerlaw.com<br>*Counsel for Defendants* | P. Matthew Luka, Esquire<br>Trombley & Hanes, P.A.<br>707 North Franklin Street, 10th Floor<br>Tampa, FL 33602<br>E-mail: mluka@trombleyhaneslaw.com<br>*Counsel for Defendants* |
|---|---|

/s/ *Thomas H. Dart*
Thomas H. Dart, Esquire
Florida Bar No. 0228788
tom.dart@arlaw.com

40339748v3