UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROBERT V. TALBOT and
MYCARECOACH, LLC, a Florida
limited liability company,

    Plaintiffs,

v.                                              CASE NO. 8:15-CV-1313-T-24TBM

SCOTT R. ANDERSON and
MYCARECOACH, LLC, an Illinois
limited liability company,

    Defendants.
_____/

### RESPONSE TO PLAINTIFF'S MOTION TO COMPEL

NOW COMES Defendants, SCOTT R. ANDERSON and MYCARECOACH LLC, an Illinois limited liability Company, by Michelle N. Schneiderheinze, its attorney, and for their response to Plaintiff's Motion to Compel states as follows:

1. A Case Management and Scheduling Order was entered by this Court on July 17, 2015, which required all discovery to be completed by May 27, 2016.

**RESPONSE: Defendants acknowledge that there is a discovery cutoff of May 27, 2016 in this case.**

2. On September 30, 2015, Plaintiffs served their First Request for Production of documents upon the Defendants, a copy of which is attached hereto as Exhibit "A." Pursuant to Rule 34, Federal Rules of Civil Procedure, a response was required to be served by the Defendants on or before November 2, 2015 (including additional time provided under Rule 6(d)).

**RESPONSE: On November 4, 2015, the undersigned notified Plaintiffs' counsel that**

**the deadline for Defendants' response to their First Request for Production had been miscalendared, that a protective order would likely be necessary before some of the documents could be produced, and she requested until November 20, 2015 to comply with the production requests. On that same date, the undersigned wrote Plaintiffs' counsel stating: "We have already turned over more than 200 pages of documents with our initial disclosures and we will likely be able to produce most other documents prior to November 18 (as long as we can agree on a protective order)." On November 23, 2015, Defendants produced an additional 2,929 pages of documents in attempt to comply with the production request.  See Plaintiffs' Motion to Compel at Ex. C.**

**In summary, Defendants have substantially complied with Plaintiffs' First Request for Production of documents by submitting over 3000 pages of documents to Plaintiffs. See Ex. 1.**

3. On October 12, 2015, Plaintiffs served upon the Defendants certain Interrogatories; a copy of said Interrogatories is attached hereto as Exhibit "B." Pursuant to Rule 33, Federal Rules of Civil Procedure, the responses were due on or before November 15, 2015 (including additional time provided under Rule 6(d)).

**RESPONSE: Defendants have substantially complied with Plaintiffs Interrogatories. See Ex. 2.**

4. On October 21, 2015, Plaintiffs served their Notices of Taking Deposition of Defendant, SCOTT R. ANDERSON, and the Corporate Representative of Defendant, MYCARECOACH, LLC, an Illinois limited liability company, which set the depositions for November 18, 2015. The dates for deposition were agreed upon by the parties with the caveat by Plaintiffs' counsel that the documents subject to the Request for Production and the responses to

the Interrogatories served upon the Defendants would be provided prior thereto so as to allow the depositions to proceed in an expeditious fashion.

**RESPONSE: Defendants agreed to the dates for Mr. Anderson's deposition because they were required to do so given that the Federal Rules of Civil Procedure do not allow parties to restrict the order of discovery.**

5.      Defendants failed to timely file any response to the Request for Production or to the Interrogatories as required by the applicable Federal Rules of Civil Procedure.

**RESPONSE: Defendants have made good faith efforts to comply with Plaintiffs' extremely overbroad discovery requests. To date, Defendants have produced over 3000 pages of documents in response to Plaintiffs' discovery requests. The documents already produced relate to conduct that occurred prior to February 25, 2015. But, Defendants remain willing to fully comply with the discovery requests and produce hundreds of additional pages of records as soon as this Court rules on the pending Motion for Protective Order which requests an order to insure that Defendants confidential and proprietary business records are not used for purposes unrelated to this litigation.**

6.      After expiration of the response deadlines, counsel for the Plaintiffs communicated with counsel for the Defendants and agreed to extend the time to provide documents responsive to the Request for Production and the answers to Interrogatories until November 20, 2015. Such extension necessitated the rescheduling of the depositions of the Defendants to December 8, 2015. Counsel for the Plaintiffs again stressed that the documents subject to the Request for Production and Interrogatory responses would be necessary for the preparation of the taking of the depositions of the Defendants in this matter. Copies of the e-mail exchanges between counsel of the relevant communications are attached hereto as Exhibit "C."

**RESPONSE: As conveyed in the email exchanges attached to Plaintiffs' motion, Defendants' counsel made several attempts to work out an agreement on a Protective Order to allow more expeditious production of discovery, but no agreement could be reached necessitating the filing of Plaintiffs' Motion for Protective Order on November 30, 2015.**

7. Defendants again failed to file a response to Plaintiffs' Request for Production and Plaintiffs' First Set of Interrogatories to the Defendants on or before November 20, 2015 as agreed upon. On November 23, 2015, after further communications from Plaintiffs' counsel to counsel for the Defendants, a portion of the documents subject to the Request for Production were sent to Plaintiffs' counsel. At or approximately the same time, counsel for the Defendants advised Plaintiffs' counsel that a significant portion of the documents subject to the Request were confidential and/or proprietary and required the entry of a protective order prior to further production.

**RESPONSE:   See Response to Paragraphs 1-7 above.**

8. To date, documents subject to the Request for Production remain outstanding, and Defendants have not served any response to either the Interrogatories, or the Request for Production. As a result, the rescheduled depositions of the Defendants in this matter have been cancelled.

**RESPONSE:  See Response to Paragraphs 1-7 above.**

9. Insofar as Defendants have not served a response or any objections to either the Request for Production or the Interrogatories, Plaintiffs are unable to quote in full any response as required by Local Rule 3.04(a); however, the full text of the Request for Production and Interrogatories is found in Exhibits "A" and "B."

**RESPONSE:  See Response to Paragraphs 1-7 above.**

        Respectfully Submitted,

        */s/Michelle N. Schneiderheinze*___
        MICHELLE N. SCHNEIDERHEINZE
        Illinois Bar No.  6272646
        Email: michelle@hunzikerlaw.com
        Hunziker Heck & Schneiderheinze LLC
        416 Main Street Suite 1600
        Peoria, IL 61602
        (309) 676-7777
        (309) 676-1326(fax)

        *Attorney for Defendants Scott R. Anderson*
        *and MyCareCoach, LLC.*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 22nd day of December 2015, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

THOMAS H. DART
Adams and Reese LLP
1515 Ringling Boulevard, Suite 700
Sarasota, Florida 34236

P. MATTHEW LUKA
Trombley & Hanes, P.A.
707 N. Franklin St., 10th Floor
Tampa, FL 33602

        /s/ *Michelle N. Schneiderheinze*_____
        MICHELLE N. SCHNEIDERHEINZE
        Illinois Bar No.  6272646
        Email: michelle@hunzikerlaw.com
        Hunziker Heck & Schneiderheinze LLC
        416 Main Street Suite 1600
        Peoria, IL 61602
        (309) 676-7777
        (309) 676-1326(fax)
        *Attorney for Defendants Scott R. Anderson*
        *and MyCareCoach, LLC.*