**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**ROBERT V. TALBOT and
MYCARECOACH, LLC,**
a Florida limited liability company,

      **Plaintiffs,**

v.                                                     **Case No. 8:15-cv-1313-T-TBM**

**SCOTT R. ANDERSON and
MYCARECOACH, LLC,**
an Illinois limited liability company,

      **Defendants.**
_____/

**O R D E R**

THIS MATTER is before the Court on Defendants' **Motion for Protective Order** (Doc. 27) and Plaintiffs' response (Doc. 28), and **Plaintiffs' Motion to Compel Discovery Responses From Defendants** (Doc. 29) and Defendants' response (Doc. 30). A hearing on these matters was held February 4, 2016.

By their Motion (Doc. 27), Defendants seek entry of a proposed protective order that sets forth the process by which the parties agree to handle all documents and information designated as "'Confidential Material' and/or 'Proprietary Material' and/or 'Attorneys Eyes Only.'" Specifically, Defendants seek to protect against disclosure of confidential and proprietary information responsive to Plaintiffs' Interrogatories and Requests to Produce, namely, information relating to their current/prospective customers and trade secrets, on grounds that disclosure of the same would place them at a competitive disadvantage given steps taken by Plaintiff Robert Talbot to directly compete with their business. Defendants

represent that Plaintiffs' counsel objects to the inclusion of an "Attorneys Eyes Only" provision in the proposed Order.

In response, Plaintiffs urge the Court to deny the Motion, in whole or in part, because Defendants waived any objections to confidentiality or otherwise by failing to timely object to the discovery, failed to set forth a justification for a protective order, and failed to identify or define the categories of documents to be protected in their proposed protective order. Notwithstanding Defendants' untimely objections, Plaintiffs' counsel indicates he does not oppose entry of a protective order but he objects to an "attorneys' eyes only" provision due to the nature of the action and the need for Plaintiff Talbot to review documents. Plaintiffs seek an award of expenses incurred in responding to the Motion. (Doc. 28).

By their Motion (Doc. 29), Plaintiffs seek an Order compelling Defendants to produce documents responsive to Plaintiffs' First Request for Production, which was served on September 30, 2015, and responses to Plaintiffs' First Set of Interrogatories, which was served on October 12, 2015. Plaintiffs urge Defendants have waived any rights to object to the same because they failed to respond or object within the time limits provided by the Federal Rules of Civil Procedure (and within extensions of time agreed upon by Plaintiffs), and the filing of their Motion for Protective Order did not relieve them of those obligations. Although Defendants allege they have produced over 3,000 pages of documents in response to Plaintiffs' discovery requests, Plaintiffs contend that none of the documents were created on or after the date on which Plaintiffs allege they were ousted from the venture. Given Defendants' failure to respond to discovery, Plaintiffs advise that the depositions of Defendants had to be cancelled. Plaintiffs request the expenses incurred in bringing this Motion.

Defendants counter that they have made good faith efforts to comply with Plaintiffs' "extremely overbroad discovery requests." Defendants contend they have "substantially complied" with Plaintiffs' First Request for Production by producing over 3,000 documents and agreeing to produce the remaining documents after the Court rules on its pending Motion for Protective Order. They note, however, that the documents produced relate to conduct that occurred prior to February 25, 2015. Defendants also contend they have "substantially complied" with Plaintiffs' First Set of Interrogatories by answering Interrogatory Nos. 1, 2, 5, and 7, and agreeing to answer those remaining after the entry of a protective order. In support, Defendants submit as exhibits 1 and 2 their responses to the outstanding discovery notarized on December 18, 2015. (Doc. 30).

At the hearing, counsel advised that the parties had reached an agreement on an acceptable protective order. Moreover, the parties have agreed to hold further arguments on the motion to compel in abeyance pending receipt of additional responses and further information concerning the Illinois LLC.

Upon consideration and in light of the representations at hearing, Defendants' **Motion for Protective Order** (Doc. 27) is **DENIED as moot**.[1] As indicated by Plaintiffs' counsel, the parties have agreed to a confidentiality agreement which redacts the attorney-eyes-only provisions. For reasons addressed at the hearing, **Plaintiffs' Motion to Compel Discovery Responses From Defendants** (Doc. 29) is **DENIED without prejudice**. It appears that

---

[1]Counsel are reminded that this Court does not allow the automatic filing of documents under seal. In accordance with the policy of the Middle District of Florida, regardless of any agreement otherwise, when a party seeks to file a document under seal, the Court shall determine the matter upon motion by the party. *See, e.g., United States v. Baez-Alcaino*, 718 F. Supp. 1503, 1506-07 (M.D. Fla. 1989). The motion shall be in conformance with Local Rule 1.09, which sets forth the procedures to be followed when a party seeks to file motion to seal. *See* M.D. Fla. R. 1.09.

entry of a protective order was the main impediment to providing full and complete responses to the outstanding discovery.  If necessary, Plaintiffs may revisit the matter on a renewed and more specific motion after receiving Defendants' remaining responses, answers, and production.

**Done and Ordered** at Tampa, Florida, this 4th day of February 2016.

_____
THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

Copies to:
Counsel of Record